# EXHIBIT C

## DEFERRED COMPENSATION AGREEMENT

This Agreement is made this 27ᵗʰ day of December, 2002, to be effective as of December 31, 2002, by and between RADIATION ONCOLOGISTS, P.A., a Delaware professional corporation (hereinafter referred to as the "Corporation") and DONALD C. TILTON, D.O., of New Castle County, Delaware (hereinafter referred to as "Employee").

WHEREAS, the Corporation has employed the Employee and the Employee has served the Corporation as a physician, an officer and director of the Corporation, and in such other capacities as the Board of Directors of the Corporation has from time to time designated; and

WHEREAS, in consideration of and to reward the Employee's past clinical, executive and administrative services rendered on behalf of the Corporation, the Corporation has agreed (under the terms of Employee's Employment Agreement dated July 7, 2000, as amended on February 8, 2001) to provide a deferred compensation benefit to the Employee upon his retirement;

NOW, THEREFORE, in consideration of the mutual promises, covenants, conditions and agreements, the parties hereto, intending to be legally bound hereby, agree as follows:

1. DEFERRED COMPENSATION OBLIGATION: The Corporation agrees to pay Employee, as deferred compensation, the sum of ONE MILLION TWO HUNDRED THOUSAND DOLLARS ($1,200,000), payable without interest in ninety-six (96) bi-monthly installments of TWELVE THOUSAND FIVE HUNDRED DOLLARS ($12,500), with the first payment due as of January 15, 2003 and continuing on the last day and the 15ᵗʰ day of each month thereafter for four (4) years until December 31, 2006. This obligation to pay deferred compensation shall continue in the event of Employee's death, and in such case the payments shall be made to the beneficiary designated by Employee in a writing filed by the Employee with the Corporation.

2. LIMITATIONS ON CORPORATION'S OBLIGATIONS: The Corporation's obligations to pay Deferred Compensation (and the Employee's entitlement to receive Deferred Compensation) shall be limited and subject to adjustments provided in Employee's agreements as contained in his Employment Agreement dated July 7, 2000 as amended on February 8, 2001 (copies of which are attached hereto as Exhibits "A" and "B," respectively). In particular, (a) pursuant to Paragraph 5(e)(i) of his Employment Agreement, as amended, if the Employee should engage in the practice of radiation oncology (including any related disciplines thereof) within New Castle County, Delaware and/or Cecil County, Maryland, his right to any further

1

payments of Deferred Compensation shall cease upon the date such competitive practice begins and shall not thereafter be due and payable in any event, and (b) pursuant to Paragraph 21 of Employee's Employment Agreement, he is subject to certain "financial damages provisions" in the event he engages in certain activities within a twenty-five (25) mile radius of any of Employer's office locations at any time within twelve (12) months following his termination of employment with Employer. All restrictions, forfeiture provisions, and financial damages provisions contained in Employee's Employment Agreement, as amended, shall continue in full force and effect. Notwithstanding these provisions, Employee shall be permitted to work on a part-time basis for Corporation after January 1, 2003, upon such terms as the parties may agree in writing, and shall be permitted to work anywhere in Sussex County, Delaware, and in such events Employee shall not be deemed to be engaging in any competitive practices. Prior to termination of deferred compensation payments by Employer to Employee and prior to invocation of the financial damages provision by Employer against Employee, Employer shall give Employee fifteen (15) days prior written notice of the prohibited conduct. In the event Employee does not permanently cease such prohibited conduct within fifteen (15) days of receiving such notice, Employer may exercise any and all of its rights under this Agreement.

3. GENERAL CREDITOR: The Employee shall be regarded as a general creditor of the Corporation with respect to any rights derived by the Employee from the existence of this Agreement.

4. ASSETS: Title to and beneficial ownership of any assets, whether cash, investments, or other assets which the Corporation may earmark to pay the contingent deferred compensation hereunder, shall at all times remain in the Corporation. The Employee and any beneficiary of the Employee shall not have any property interest whatsoever in any specific assets of the Corporation, except as stated herein.

5. DEATH: In the event the Employee should die before all of his deferred compensation benefits are paid to the Employee, the Corporation shall pay the unpaid balance to the Employee's designated beneficiary or beneficiaries as provided in Paragraph 1 above. The Employee shall designate his beneficiary or beneficiaries on the Beneficiary Designation Form attached to this Agreement as Exhibit "C."

6. BINDING EFFECT: This Agreement shall be binding upon the parties hereto and their respective heirs, personal representatives, executors, administrators, successors and assigns. Notwithstanding the foregoing sentence, the right to receive deferred compensation benefits hereunder is expressly declared

2

to be personal, non-assignable and non-transferable, except by a properly executed beneficiary designation accepted by the Corporation, will or intestacy, with preference given to the foregoing order.

7. ENTIRE WRITING: This writing contains the entire agreement of the parties with respect to the subject herein discussed and no covenant, promise, undertaking or representation concerning or relating to such subject not contained herein shall bind any party hereto unless it is in writing and executed with the same formality as this Agreement.

8. WAIVER: Failure to insist upon strict compliance with respect to any of the terms, covenants, or conditions hereof shall not be deemed a waiver of such term, covenant or conditions nor shall any waiver or relinquishment of such right or power hereunder at any time or times be deemed a waiver or relinquishment of such right or power at any other time or times.

9. INVALIDITY: The invalidity or unenforceability of any provision hereof shall in no way affect the validity or enforceability of any other provision.

10. APPLICABLE LAW: This Agreement is a Delaware contract and shall be interpreted under the laws of the State of Delaware.

IN WITNESS WHEREOF, the parties hereto have hereunto set their hands and seals the day and year first above written.

_____        _____ (SEAL)
Witness                                 Donald C. Tilton, D.O.

                                        RADIATION ONCOLOGISTS, P.A.,
                                        a Delaware professional corporation

                                        By: _____
                                                     President
                                        Attest: _____
                                                     Secretary

                                                [corporate seal]

BENEFICIARY DESIGNATION FORM
RADIATION ONCOLOGISTS, P.A.
NONQUALIFIED DEFERRED COMPENSATION AGREEMENT

I hereby designate as Primary Beneficiary and Contingent Beneficiary under the Agreement the following:

Primary Beneficiary: _Andrea Steele-Tilton_

Contingent Beneficiary: _Donald C. Tilton Trust_

Any and all previous Beneficiary Designations made by me are revoked and in the event of my death, any benefits due to be paid to me by the Employer shall be paid to the above-designated Beneficiary(ies) in accordance with the terms of the Nonqualified Deferred Compensation Agreement.

I acknowledge that this Beneficiary Designation Form will not be effective until acknowledged in writing by the Employer in the space provided below.

PARTICIPANT:

_____
Witness

_____(SEAL)
Donald C. Tilton, D.O.

Beneficiary Designation Form
herein acknowledged and approved
this _31st_ day of December, 2002.

EMPLOYER:
RADIATION ONCOLOGISTS, P.A

By: _____
President

4