IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| DONALD C. TILTON, D.O. | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | C.A. No.: 05-251 (SLR) |
| | : | |
| RADIATION ONCOLOGISTS, P.A., | : | |
| VIROON DONAVANIK, M.D., | : | |
| MICHAEL F. DZEDA, M.D., | : | |
| CHRISTOPHER KOPROWSKI, M.D. | : | |
| ADAM RABEN, M.D., SUNJAY | : | |
| SHAH, M.D., and MICHAEL D. | : | |
| SORENSEN, M.D. | : | |
| | : | |
| Defendants. | : | |

PLAINTIFF'S ANSWERING BRIEF IN OPPOSITION
TO DEFENDANTS' MOTION TO DISMISS

GORDON, FOURNARIS & MAMMARELLA, P.A.

/s/ Peter M. Sweeney

Dated: July 15, 2005

Robert A. Penza, Esquire (DSB #2769)
Peter M. Sweeney, Esquire (DSB #3671)
1925 Lovering Avenue
Wilmington, DE   19806
(302) 652-2900
psweeney@gfmlaw.com
Attorneys for Plaintiff, Donald C. Tilton

## TABLE OF CONTENTS

TABLE OF CONTENTS . . . . . . . . . . . . . . . . . . . . . . . i

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . ii

NATURE AND STAGE OF THE PROCEEDING . . . . . . . . . . . . . . 1

SUMMARY OF THE ARGUMENT . . . . . . . . . . . . . . . . . . . 3

STATEMENT OF THE FACTS . . . . . . . . . . . . . . . . . . . . 5

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

    Standard of Review . . . . . . . . . . . . . . . . . . . . 6

**I.  PLAINTIFF'S CLAIM FOR VIOLATION OF ERISA
CAN BE BROUGHT DIRECTLY IN FEDERAL COURT
WITHOUT EXHAUSTING ADMINISTRATIVE REMEDIES** . . . . . . . . 6

    A.  Plaintiff Has No Requirement To Exhaust
        Administrative Remedies Where No Such
        Remedies Exist In The Plan. . . . . . . . . . . . . . 6

    B.  Plaintiff Submitting An Administrative
        Appeal To ROPA Would Be Futile. . . . . . . . . . . . 9

    C.  Defendants' Termination of Benefits Letter
        Did Not Comply With The Applicable Statute
        Or Regulation And As Such Plaintiff Is
        Excused From The Exhaustion Requirement. . . . . . 11

**II.  PLAINTIFF'S STATE LAW CLAIMS SHOULD NOT BE
DISMISSED AS THEY ARE PLEAD IN THE ALTERNATIVE
AND THE COURT HAS YET TO DETERMINE WHETHER
THE PLAINTIFF'S DEFERRED COMPENSATION PLAN IS
AN ERISA PLAN** . . . . . . . . . . . . . . . . . . . . . . 14

**III. PLAINTIFF'S CLAIM FOR CIVIL CONSPIRACY AGAINST
THE DOCTOR DEFENDANTS SHOULD NOT BE DISMISSED** . . . . . 16

**CONCLUSION** . . . . . . . . . . . . . . . . . . . . . . . . 19

i

## <u>TABLE OF AUTHORITIES</u>

<u>Alaire v. Amoco Corporation</u>[1],
    1990 WL 70486 (N.D. Ill 1990) . . . . . . . . . . . . . 10

<u>Alberts v. Indep. Blue Cross and</u>
    <u>Pennsylvania Blue Shield</u>,
    1996 WL 677512 (E.D. PA Nov. 22, 1996) . . . . . . . . 17

<u>Alston v. Atlantic Elec. Co.</u>,
    962 F. Supp. 2d 616 (D.N.J. 1997) . . . . . . . . . . 14

<u>Amato v. Bernard</u>,
    618 F.2d 559 (9th Cir. 198) . . . . . . . . . . . . . .7

<u>Berger v. Edgewater Steel Company</u>,
    911 F.2d 911 (3d Cir. 1990) . . . . . . . . . . . . . .8

<u>Christopher v. Mobile Oil Corp.</u>,
    950 F.2d 1290 (5th Cir. 1992) . . . . . . . . . . . . 17

<u>Clay v. ILC Data Device Corp.</u>,
    771 F.Supp 40 (E.D.N.Y. 1991) . . . . . . . . . . . . .9

<u>Curcio v. John Hancock Mut. Life Ins. Co.</u>,
    33 F.3d 266 (3d Cir. 1994) . . . . . . . . . . . . . 17

<u>Denk v. Boeing Co.</u>,
    885 F. Supp. 690 (F.D. Pa 1995) . . . . . . . . . . . 17

<u>Erwin v. U-Haul Int'l, Inc.</u>,
    2002 WL 2650 75 (N.D. Tex Feb. 22, 2002) . . . . . . . 17

<u>Harrow v. Prudential Ins. Co. of America</u>,
    279 F.3d 244 (3d Cir. 2002) . . . . . . . . . . . . . .9

---

[1]Unreported decisions are attached hereto as Exhibit "A".

Jorstad v. Connecticut General Life Ins. Co.,
    844 F.Supp. 46 (1994) . . . . . . . . . . . . . . . 12


Kennedy v. Empire Blue Cross and Blue Shield,
    989 F.2d 588 (2d Cir. 1993) . . . . . . . . . . . . 8


Kriner v. GTE Products Corp.,
    1990 WL 597393 (M.D. PA 1990) . . . . . . . . . . . 10


Langford v. City of Atlantic City,
    235 F.3d 845 (3d Cir. 2000) . . . . . . . . . . . . 6


Leonard v. Ben Hogan Company,
    1992 WL 436351 (M.D. Fla 1992) . . . . . . . . . . . 7


Manley v. Assoc. in Obstetrics and Gynecology, P.A.,
    2001 WL 946489 (Del. Super. 2001) . . . . . . . . 15, 16


McLean Hosp. Corp. v. Lasher,
    819 F.Supp 110 (D.Mass. 1993) . . . . . . . . . . . 12


Thayer v. Alaska Teamster-Employer Pension Trust,
    1993 WL 173710 (D.Alaska 1993) . . . . . . . . . . . 9


Trump Hotels & Casino Resorts, Inc. v.
    Mirage Resorts, Inc.,
    140 F.3d 478 (3d Cir. 1998) . . . . . . . . . . . . 6


Vaughn v. Metropolitan Life Ins. Co.,
    87 F. Supp. 2d 421 (E.D. Pa. 2000) . . . . . . . . . 17


Way v. Ohio Cas. Ins. Co.,
    346 F. Supp. 2d 711 (D.N.J. 2004) . . . . . . . . . 14


Wesley v. Monsanto Company,
    554 F.Supp. 93 (E.D. Mo. 1982) . . . . . . . . . . . 12

## DELAWARE STATUTES

19 <u>Del.C.</u> §1101    . . . . . . . . . . . . . . . . . . . 1

19 <u>Del.C.</u> §1101(b)    . . . . . . . . . . . . . . . . . 1

## FEDERAL STATUTES

29 <u>U.S.C.</u> §1001, et seq.    . . . . . . . . . . . . . . . 1

29 <u>U.S.C.</u> §1132    . . . . . . . . . . . . . . . . . . 9

29 <u>U.S.C.</u> §1133(1)    . . . . . . . . . . . . . . . 11, 12

29 <u>U.S.C.</u> §1133(2)    . . . . . . . . . . . . . . . . . 7

## OTHER

Fed. R. Civ. P. 8(a)    . . . . . . . . . . . . . . . . 14

Fed. R. Civ. P. 12(b)(6)    . . . . . . . . . . . . . . 2, 6

29 CFR §2560.503-1(g) . . . . . . . . . . . . . 11, 12, 13, 14

iv

## NATURE AND STAGE OF THE PROCEEDING

On or about April 28, 2005, Plaintiff Donald C. Tilton, D.O. ("Plaintiff") filed a Complaint against Radiation Oncologists, P.A. ("ROPA"), Viroon Donovanik, M.D. ("Dr. Donovanik"), Michael F. Dzeda, M.D. ("Dr. Dzeda"), Christopher Koprowski, M.D. ("Dr. Koprowski"), Adam Raben, M.D. ("Dr. Raben"), Sunjay Shah, M.D. ("Dr. Shah") and Michael Sorensen, M.D. ("Dr. Sorensen"; collectively the "Defendants"). In the Complaint, Plaintiff alleged a claim under the Employee Retirement Income Security Act 29 U.S.C. §1001, et seq. ("ERISA") by ROPA for wrongfully terminating deferred compensation payments rightfully due to the Plaintiff.

Since it is yet to be determined by this Court whether Plaintiff's one-man deferred compensation agreement qualifies as a plan covered by ERISA, Plaintiff's Complaint included claims against ROPA for Breach of Contract, Anticipatory Repudiation and Violation of Delaware's Wage Payment and Collection Act, 19 Del.C. §1101 (the "Wage Act"). These counts were included in the Complaint as alternatives to the violation of ERISA by ROPA. Additionally, Plaintiff brought a civil conspiracy claim against Dr. Donovanik, Dr. Dzeda, Dr. Koprowski, Dr. Raben, Dr. Shah and Dr. Sorensen (collectively the "Defendant Doctors"). Plaintiff intends to seek to amend the Complaint to add a Wage Act claim against the Defendant Doctors pursuant to 19 Del.C. §1101(b), pending the outcome of Defendants' Motion to Dismiss.

1

On or about June 3, 2005, Defendants filed a Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted.  This is Plaintiff's Answering Brief in Opposition to Defendant's Motion to Dismiss.

## SUMMARY OF THE ARGUMENT

I.   Plaintiff's claim for violation of ERISA (Count II of the Complaint) should not be dismissed because Plaintiff has met the standard for futility to exhaust administrative remedies for three (3) reasons.  First, Plaintiff's deferred compensation plan documents do not provide for any administrative remedies.  Since no appeals process was provided in the relevant plan documents, any attempt to exhaust non-existent remedies is futile.  Second, ROPA is the plan administrator that has determined to terminate the Plaintiff's deferred compensation payments.  As such, administrative review by ROPA would be futile.  Third, ROPA's notice letter terminating Plaintiff's deferred compensation agreement was conclusory in nature and did not provide the information required for Plaintiff to make an appeal.  As such, any appeal taken by Plaintiff would be futile.

II.  Plaintiff's state law claims against ROPA were brought in the alternative pending a determination whether Plaintiff's Deferred Compensation Plan documents qualify as an ERISA "top-hat" plan.

III. Claims for violation of ERISA can only be filed against a plan administrator or plan fiduciaries.  Count V of the Complaint is a count for civil conspiracy against the Doctor Defendants

for their role in terminating Plaintiff's deferred compensation payments. The remedy requested is different than for breach of ERISA by ROPA. The Doctor Defendants are not proper parties under ERISA.

## STATEMENT OF THE FACTS

For the purposes of the Defendants' Motion to Dismiss, the Defendants' Statement of Facts, where it actually states facts and does not argue the merits of the case, does provide most of the facts necessary for the Court to decide the issues now before it. Plaintiff will not reiterate facts previously stated by the Defendants here.

Further, Plaintiff does not necessarily disagree with the Defendants' characterization of the documents that make-up Plaintiff's Deferred Compensation Plan, but the documents can and should speak for themselves. The Court can make its own determination of the description of the terms of Plaintiff's Deferred Compensation Plan documents and whether the documents qualify as an ERISA plan.

Some additional facts must be stated so that the Court may make its decision. Importantly, neither the SREA, the Amended SREA nor the DCA contain any administrative remedies provisions. See Defendants' Appendix Exs. A, B, and C. The first time Plaintiff received any notification of an administrative appeal process was in the January 13, 2005 letter from Dr. Dzeda, the President of ROPA, terminating the Plaintiff's deferred compensation payments. See Defendants' Appendix Ex. D. At the time Plaintiff's deferred compensation payments were terminated, Plaintiff was owed an additional $600,000.00 pursuant to his Deferred Compensation Plan.

**ARGUMENT**

Standard of Review

Defendants have moved to dismiss the Plaintiff's Complaint for failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6).  When deciding a Motion to Dismiss, the Court "must accept as true all material allegations of the complaint and must construe the complaint in favor of the Plaintiff.  Trump Hotels & Casino Resorts, Inc. v. Mirage Resorts, Inc., 140 F.3d 478, 483 (3d Cir. 1998) (citations omitted).

Further, "A complaint should be dismissed only if, after accepting as true all of the facts alleged in the complaint, and drawing all reasonable inferences in the plaintiff's favor, no relief could be granted under any set of facts consistent with the allegations of the complaint.  Id.; see also Langford v. City of Atlantic City, 235 F.3d 845, 847 (3d Cir. 2000).

I.  **PLAINTIFF'S CLAIM FOR VIOLATION OF ERISA CAN BE BROUGHT DIRECTLY IN FEDERAL COURT WITHOUT EXHAUSTING ADMINISTRATIVE REMEDIES**

   A.  Plaintiff Has No Requirement To Exhaust Administrative Remedies Where No Such Remedies Exist In The Plan.

Defendants in their Opening Brief give the impression that Plaintiff does not agree that in general ERISA requires a claimant to exhaust the claimant's administrative remedies prior to bringing an action.  This is not true.  Plaintiff concedes that a claimant must follow the administrative remedies provided in an ERISA plan prior to bringing an action in Federal Court.  In this matter

6

though, no administrative remedies exist in the governing documents, therefore, any attempt by Plaintiff to follow non-existent administrative remedies would be futile. See Defendants' Appendix Exs. A, B & C.

29 U.S.C. §1133(2) states, "In accordance with regulations of the Secretary, **every employee benefit plan** shall - - afford a reasonable opportunity to any participant whose claim for benefits has been denied for a full and fair review by the appropriate named fiduciary of the decision denying the claim." None of the documents that make-up Plaintiff's Deferred Compensation Plan, the SREA, the Amended SREA and the DCA, contain an administrative remedy or appeal provision. Id. The only time an administrative remedy procedure was described to the Plaintiff was in the January 13, 2005 letter from Dr. Dzeda (the "Dr. Dzeda Letter"). It was this letter that terminated Plaintiff's deferred compensation payments. The Dr. Dzeda Letter is not part of Plaintiff's Deferred Compensation Plan documents. Therefore, the Defendants did not comply with §1133(2).

The Defendant's cite the case of Amato v. Bernard, 618 F.2d 559 (9th Cir. 198), as well as other cases, to support their position that administrative remedies must be exhausted. In discussing the Amato v. Bernard case, the Court in Leonard v. Ben Hogan Company, 1992 WL 436351 at *2 (M.D. Fla 1992) stated:

> However, the Court in *Amato* states that *where administrative procedures have been instituted* for the resolution of disputes between parties to a collective bargaining agreement or other

7

> agreement, the courts will generally require exhaustion of *those* procedures before exercising jurisdiction.
>
> \* \* \* \* \* \*
>
> An implicit assumption to the exhaustion of administrative remedies requirement is that such remedies are available. Where no such procedure exists it is implausible that such a procedure may be exhausted. Alternatively, the Plaintiff may be seen to have exhausted all available internal procedures (emphasis in original).

The Third Circuit has also ruled on this issue. The case of Berger v. Edgewater Steel Company, 911 F.2d 911 (3d Cir. 1990) involved two ERISA plans, the Noncontributory Pension Plan for Salaried Employees (the "NPPSE") and the Severance Pay Plan. The Court in Berger ruled that the claimants had to exhaust their remedies pursuant to the terms of the NPPSE. The Court ruled differently with respect to the Severance Pay Plan, "In addition, there were no administrative remedies under the severance pay policy, and, the Employees received the special payment. Thus, they could not exhaust their administrative remedies prior to seeking judicial relief on their other claims related to these benefits." Id. at 916 FN 4.

Federal Courts in other jurisdictions have reached the same conclusion that attempting to exhaust administrative remedies is futile where no such remedies existed in the plan documents. See Kennedy v. Empire Blue Cross and Blue Shield, 989 F.2d 588 (2d Cir 1993) (exhaustion in the context of ERISA requires only those administrative appeals provided for in the relevant plan or

8

policy); <u>Thayer v. Alaska Teamster-Employer Pension Trust</u>, 1993 WL 173710 (D.Alaska 1993) (there were no procedural provisions for the type of review envisioned by 29 <u>U.S.C.</u> §1132 and that therefore, plaintiffs had no internal remedies to exhaust); and <u>Clay v. ILC Data Device Corp.</u>, 771 F.Supp 40, 45 (E.D.N.Y. 1991).  Therefore, Plaintiff's claim for violation of ERISA cannot be dismissed for failure to exhaust non-existent administrative remedies.

B.    <u>Plaintiff Submitting An Administrative Appeal To ROPA Would Be Futile.</u>

The Third Circuit has held that "A plaintiff is excused from exhausting administrative procedures under ERISA if it would be futile to do so.  Plaintiffs merit waiver of the exhaustion requirement when they provide a clear and positive showing of futility." <u>Harrow v. Prudential Ins. Co. of America</u>, 279 F.3d 244, 249 (3d Cir. 2002).  Aside from there being no administrative remedy provision as stated above, an administrative appeal to ROPA would also be futile since it was ROPA that terminated Plaintiff's deferred compensation payments in the first place.

Defendants admit in their Opening Brief that ROPA, itself, is the only entity with responsibility for administering or managing Plaintiff's Deferred Compensation Plan.  See Opening Brief at 18. While Plaintiff would argue, as alleged in the Complaint at paragraphs 32 and 33, that the Defendant Doctors had a role in administering and managing Plaintiff's Deferred Compensation Plan, ROPA was the entity which entered into the Deferred Compensation Plan documents with the Plaintiff.

In other jurisdictions courts have held that making appeals to employer/administrators of ERISA plans that made the original decision to terminate benefits would be futile.  In <u>Kriner v. GTE Products Corp.</u>, 1990 WL 597393 at *3 (M.D. Pa. 1990) stated:

> The Court, however, may excuse a claimant seeking benefits under an ERISA plan from exhausting administrative remedies where resort to such administrative remedies would be futile or the remedy would be inadequate. Because GTE is the plan administrator and because GTE has stated that Kriner is not entitled to benefits, the Court is of the view that requiring Kriner to submit her claim to GTE for administrative review is futile. (citation omitted).

Additionally, in the case of <u>Alaire v. Amoco Corporation</u>, 1990 WL 70486 at *2 (N.D. Ill. 1990), the Court held as follows when Amoco acted as its own plan administrator:

> As *Lieske* suggests, the law does not compel administrative exhaustion when it would be a meaningless formality, a real exercise in futility.  Here Amoco itself is the plan administrator, and Amoco has taken the flat position that plaintiffs are not even covered by the Policy and are therefore not entitled to the benefits they claim.  It would involve nothing more than a charade if plaintiffs were forced to jump through an extra hoop only to obtain the same statement of rejection that they have already received via Amoco's Answer to their Complaint.

Since in this case, ROPA has acted as its own plan administrator, for Plaintiff to bring an administrative appeal would be futile.  ROPA would take the same flat position to terminate the Plaintiff's deferred compensation payments as it did in the Dr. Dzeda Letter.

     C.    <u>Defendants' Termination of Benefits Letter Did Not Comply With The Applicable Statute Or Regulation And As Such Plaintiff Is Excused From The Exhaustion Requirement.</u>

By the Dr. Dzeda Letter, dated January 13, 2005, ROPA informed Plaintiff that it was terminating the deferred compensation payments rightfully due to Plaintiff. See Defendants' Appendix Ex. D. Evidently, Defendants were attempting to comply with 29 <u>U.S.C.</u> §1133(1), which requires:

> In accordance with regulations of the Secretary, every employee benefit plan shall - - (1) provide adequate notice in writing to any participant or beneficiary whose claim for benefits under the plan has been denied, setting forth the specific reasons for such denial, written in a manner calculated to be understood by the participant.

The Secretary has issued a regulation governing the manner and content of a notification of benefit designation letter, such as the Dr. Dzeda Letter, so it is required to contain the following:

> (i)   The specific reason or reasons for the adverse determination;
>
> (ii)  Reference to the specific plan provision on which the determination is based;
>
> (iii) A description of any additional material or information necessary for the claimant to perfect the claim and an explanation of why such material or information is necessary; and
>
> (iv)  A description of the plan's review procedures and the time limits applicable to such procedures, including a statement of the claimant's right to bring a civil action under section 502(a) of the Act following an adverse benefit determination on review.

29 CFR §2560.503-1(g).

The Defendants in the Dr. Dzeda Letter terminating Plaintiff's deferred compensation benefits were required to provide the above listed information. "Providing a claimant sparse or conclusory reasons for the denial of benefits and the procedural process of review is insufficient and fails to comport with Section 1133." Jorstad v. Connecticut General Life Ins. Co., 844 F.Supp. 46, 57 (1994) citing McLean Hosp. Corp. v. Lasher, 819 F.Supp 110, 119 (D.Mass. 1993). If a party does not meet the requirements of 29 U.S.C. 1133(1) and 29 CFR 2560.503-1(g) then the result is that the plaintiff would be excused from exhausting his or her administrative remedies. See Wesley v. Monsanto Company, 554 F.Supp. 93, 97 (E.D. Mo. 1982) ("To the extent defendant's failure to comply with the procedures outlined in the Plan and the statute and regulations is relevant, the effect is merely to exhaust her administrative remedy.")

It is clear upon reading the Dr. Dzeda Letter that it does not meet the requirements of 29 U.S.C. §1131(1) and 29 CFR 2560.503-1(g). First, the Dr. Dzeda Letter only lists one conclusory statement as to why Plaintiff's deferred compensation payments were terminated:

> ROPA has determined, on the advice of counsel, that your participation in the amendment of the terms of the Deferred Compensation Plan to substantially increase benefits owed to you pursuant to the Deferred Compensation Plan in February 2001 constitutes a breach of your fiduciary duty to the Deferred Compensation Plan.

12

The Dr. Dzeda Letter contains no detail as to what fiduciary duty was allegedly breached, in what capacity Plaintiff was acting when the alleged breach of fiduciary duty took place or why amending the plan documents resulted in an alleged breach of fiduciary duty. Without detailing this other information, the Dr. Dzeda Letter just sets forth the conclusion that Plaintiff allegedly breached a fiduciary duty. Whether the Defendants can claim for a "top hat" ERISA plan that Plaintiff had a fiduciary duty to breach in the first place is an issue left for another day.

Additionally, the Dr. Dzeda Letter failed to provide the other information required by 29 CFR 2560.503-1(g). The Dr. Dzeda Letter contains no reference to any provision of Plaintiff's Deferred Compensation Plan that was allegedly breached. Further, the Dr. Dzeda Letter does not contain any description of additional materials or information that Plaintiff could provide to perfect his claim. Finally, the Dr. Dzeda Letter does not contain a description of the review procedures in the Plaintiff's Deferred Compensation Plan. Since Plaintiff's Deferred Compensation Plan contains no such review procedures, the Dr. Dzeda Letter should have informed the Plaintiff of this fact. Instead the Dr. Dzeda Letter contained a description of a review procedure not contained in Plaintiff's Deferred Compensation Plan in an attempt to back into an appeal procedure and take advantage of the more limited standard of review for an appeal of an ERISA administrative decision to this Court. Since the Dr. Dzeda Letter did not meet

the requirements of 29 CFR 2560.503-1(g), even if an administrative procedure existed, Plaintiff would be excused from such procedure and allowed to maintain this action in the District Court.

## II.    PLAINTIFF'S STATE LAW CLAIMS SHOULD NOT BE DISMISSED AS THEY ARE PLEAD IN THE ALTERNATIVE AND THE COURT HAS YET TO DETERMINE WHETHER THE PLAINTIFF'S DEFERRED COMPENSATION PLAN IS AN ERISA PLAN

Federal Rule of Civil Procedure 8(a) states that "Relief in the alternative or of several different types may be demanded.  In this matter Plaintiff alleged several state law claims in the alternative, as allowed by Fed. R. Civ. P. 8(a), because Plaintiff was unsure as to whether his deferred compensation plan documents qualified as an ERISA plan due to a very factually similar case being decided in the Superior Court of Delaware without any allegations of an ERISA violation.

Determining whether state law claims are preempted by ERISA is a two-step process:  "First a Court must determine whether the plan at issue qualifies as an ERISA benefits plan.  Second a court must determine whether the applicable state laws 'relate to' that plan." Way v. Ohio Cas. Ins. Co., 346 F. Supp. 2d 711, 714 (D.N.J. 2004) citing Alston v. Atlantic Elec. Co., 962 F. Supp. 2d 616, 622 (D.N.J. 1997).  Defendants assume in their Opening Brief that it is "undisputable that the Deferred Benefit Plan is an 'employee benefit plan' under ERISA."  Opening Brief at 9.  Plaintiff does not agree.  This issue can only be decided by the court after an evidentiary hearing and limited discovery by the parties to

determine whether Plaintiff's Deferred Compensation Plan qualifies as an ERISA plan.

In 2001, the Superior Court of Delaware decided <u>Manley v. Assoc. in Obstetrics and Gynecology, P.A.</u>, 2001 WL 946489 (Del. Super. 2001). The <u>Manley</u> case is factually similar to the case at bar, but did not include a claim for violation of ERISA. Dr. Manley was an employee of Associates in Obstetrics and Gynecology, P.A. ("AOG"). <u>Id</u>. at *1. Dr. Manley's 1995 employment agreement called for deferred compensation payments upon her termination in equal monthly installments over 60 months. <u>Id</u>. "Dr. Manley voluntarily terminated her employment with AOG on December 19, 1997" and then entered into an Amendment to her employment agreement changing her deferred compensation payment to $290,000.00 payable in four (4) annual installments. <u>Id</u>. Dr. Manley received the first two installments, which were made timely, but AOG failed to make the third payment and informed Dr. Manley it was not going to make the final payment. <u>Id</u>. at *2. All of the above facts also occurred in the case at bar.

Dr. Manley initiated suit against AOG and her three (3) former associates at AOG alleging breach of contact, civil conspiracy, breach of the Delaware Wage Payment and Collection Act and bad faith/punitive damages. <u>Id</u>. at *1 The Defendants moved for summary judgment on Dr. Manley's claims. Dr. Manley cross-moved for summary judgment. The <u>Manley</u> court found in favor of Dr.

Manley on all her claims, except that the facts of the case did not rise to the level required to award punitive damages, Id. *passim*.

By reviewing the statement of facts in the Defendant's Opening Brief and *supra*, the Court will find that the facts of this case and the facts in the Manley case are virtually identical. The Superior Court allowed the state law claims raised in Manley to go forward. As such, Plaintiff brought similar state law claims in this action and alleged violation of ERISA in the alternative due to the Defendants contentions prior to filing that Plaintiff's Deferred Compensation Plan was an ERISA "top hat" plan. Therefore, the alleged state law claims should not be dismissed pending a determination by the Court that Plaintiff's Deferred Compensation Plan is an ERISA plan.

## III. PLAINTIFF'S CLAIM FOR CIVIL CONSPIRACY AGAINST THE DEFENDANT DOCTORS SHOULD NOT BE DISMISSED

Plaintiff raised a civil conspiracy claim against the Defendant Doctors in Count V of the Complaint so that they would be found liable for their bad faith decision to terminate Plaintiff's deferred compensation payments. At the time of the Dr. Dzeda Letter, Plaintiff had been receiving bi-monthly deferred compensation payments without ROPA or the Doctor Defendants contesting the payments were rightfully due to the Plaintiff. Plaintiff does not request as relief in his civil conspiracy claim that the Doctor Defendants are liable to him for the deferred compensation payments. It is clear from the contractual documents

16

that those payments are due to him from ROPA.  The Doctor Defendants conspired to take away the deferred compensation benefits of the Plaintiff to their benefit and must be held accountable for their actions.  Only by holding the Doctor Defendants liable for their actions and awarding Plaintiff punitive damages will other similarly situated individuals be deterred from similar reprehensible conduct.

Defendants rely on several cases for the proposition that civil conspiracy claims are preempted by ERISA.  These cases are distinguishable in that individuals were not named as defendants in these cases.  See <u>Christopher v. Mobile Oil Corp.</u>, 950 F.2d 1290 (5th Cir. 1992); <u>Erwin v. U-Haul Int'l, Inc.</u>, 2002 WL 2650 75 (N.D. Tex Feb. 22, 2002); <u>Denk v. Boeing Co.</u>, 885 F. Supp. 690 (F.D. Pa 1995); and <u>Alberts v. Indep. Blue Cross and Pennsylvania Blue Shield</u>, 1996 WL 677512 (E.D. PA Nov. 22, 1996).  The only parties sued in the cases cited by Defendants were fiduciaries to a plan or the plan administrators.  According to Third Circuit case law, the only proper parties to a claim for violation of ERISA are fiduciaries to the applicable plan and plan administrators.  <u>Vaughn v. Metropolitan Life Ins. Co.</u>, 87 F. Supp. 2d 421, 425 (E.D. Pa. 2000); <u>see</u> <u>also</u> <u>Curcio v. John Hancock Mut. Life Ins. Co.</u>, 33 F.3d 266 (3d Cir. 1994).

The Defendants' own argument that the Doctor Defendants are not proper defendants under ERISA proves that the state law civil conspiracy claim should not be dismissed.  If the only proper

parties under ERISA are fiduciaries and plan administrators, as discussed above, and if the Doctor Defendants are not fiduciaries or administrators of Plaintiff's Deferred Compensation Plan, then the civil conspiracy claim against the Doctor Defendants cannot be dismissed due to preemption by ERISA of a claim to which the Doctor Defendants cannot even be a party.  Further, since the relief requested from the Doctor Defendants is punitive damages and not payment of the deferred compensation that is owed, the civil conspiracy claim is not related to ERISA and cannot be preempted.

## CONCLUSION

For the foregoing reasons, Plaintiff Donald C. Tilton, D.O. respectfully requests that this honorable Court enter an order DENYING the Defendants' Motion to Dismiss

**GORDON, FOURNARIS & MAMMARELLA, P.A.**

**/s/ Peter M. Sweeney**

Dated: <u>July 15, 2005</u>    _____

Robert A. Penza, Esquire (DSB #2769)
Peter M. Sweeney, Esquire (DSB #3671)
1925 Lovering Avenue
Wilmington, DE   19806
(302) 652-2900
psweeney@gfmlaw.com
Attorneys for Plaintiff, Donald C. Tilton

19

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

DONALD C. TILTON, D.O.          :
                                :
            Plaintiff,          :
                                :
        v.                      :     C.A. No.: 05-251 (SLR)
                                :
RADIATION ONCOLOGISTS, P.A.,    :
VIROON DONAVANIK, M.D.,         :
MICHAEL F. DZEDA, M.D.,         :
CHRISTOPHER KOPROWSKI, M.D.     :
ADAM RABEN, M.D., SUNJAY        :
SHAH, M.D., and MICHAEL D.      :
SORENSEN, M.D.                  :
                                :
            Defendants.         :

### CERTIFICATION OF SERVICE

I, Peter M. Sweeney, Esquire, do hereby certify that I caused a true and correct copy of the foregoing Plaintiff's Brief in Opposition to Defendant's Motion to Dismiss to be served upon counsel by First Class Mail, postage prepaid, on the date set forth below, addressed as follows:

William H. Sudell, Jr., Esquire
Morris Nichols Arsht & Tunnell
1201 North Market Street
Wilmington, DE  19801


**GORDON, FOURNARIS & MAMMARELLA, P.A.**

**/s/ Peter M. Sweeney**

Dated: July 15, 2005     _____
                         Robert A. Penza, Esquire (DSB #2769)
                         Peter M. Sweeney, Esquire (DSB #3671)
                         1925 Lovering Avenue
                         Wilmington, DE  19806
                         (302) 652-2900
                         psweeney@gfmlaw.com
                         Attorneys for Plaintiff, Donald C. Tilton