# EXHIBIT C

Westlaw.

Not Reported in F.Supp.                                                                                                   Page 1

Not Reported in F.Supp., 1996 WL 677512
**(Cite as: Not Reported in F.Supp.)**

H
Not Reported in F.Supp., 1996 WL 677512
Briefs and Other Related Documents
Only the Westlaw citation is currently available.
United States District Court, E.D. Pennsylvania.
Anita F. ALBERTS, Plaintiff,
v.
INDEPENDENCE BLUE CROSS AND PENNSYLVANIA BLUE SHIELD, Defendants.
No. CIV.A. 96-CV-3926.

Nov. 22, 1996.

*MEMORANDUM-ORDER*

GREEN.
*1 Presently before this court is Defendants' Motion to Dismiss Plaintiff's Pennsylvania state law claims. For the reasons set forth below, the Defendants' motion will be GRANTED.

I. Factual Background

Plaintiff and her partner in the law firm purchased a health insurance policy from Defendants for their families and their one employee. In January 1996, Plaintiff had surgery performed at a New York hospital. The doctors who performed the surgery were not in Defendants' network of doctors. Plaintiff alleges that instead of paying the policy mandated 80% of the out-of-network, non-participating doctors' regular charges, Defendants paid approximately 20% of the outstanding medical bills based on an undisclosed payment schedule.

In an amended complaint, seeking injunctive and declaratory relief, Plaintiff alleges violation of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1132, violation of the Pennsylvania Unfair Trade Practices and Consumer Protection Law ("UTPCPL"), 73 Pa. Stat. Ann. §§ 201-1 to -9.2, violation of Pennsylvania's bad faith insurance practices statute, 42 Pa.C.S.A. § 8371, breach of contract, and common law civil conspiracy. Defendants have moved for dismissal by alleging that Plaintiff's state law claims are preempted under ERISA. 29 U.S.C. § 1144(a).

II. Discussion

All factual allegations contained in the complaint as well as all reasonable inferences that may be drawn from those allegations must be accepted as true and viewed in the light most favorable to the non-moving party when reviewing a Rule 12(b)(6) motion. *Hishon v. King & Spalding*, 467 U.S. 69 (1984) ; *ALA, Inc. v. CCAIR, Inc.*, 29 F.3d 855 (3d Cir.1994) ; *Rocks v. City of Philadelphia*, 868 F.2d 644 (3d Cir.1989). The motion should be denied unless it appears beyond doubt that the Plaintiff can prove no set of facts in support of her claims which would entitle her to relief. *Colney v. Gibson*, 355 U.S. 41 (1957).

Taking all of Plaintiff's allegations as true, she has failed to show that her state law claims are not preempted by 29 U.S.C. § 1144(a). The Supreme Court has recognized that ERISA's preemption clause is broad in it scope. *Ingersoll-Rand Co. v. McClendon*, 498 U.S. 133 (1990) ; *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41 (1987). Section 1144(a) states that "the provisions of this subchapter and subchapter III of this chapter shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan. ..." The phrase "relate to" is given "its broadest common-sense meaning, such that a state law ' relates to a benefit plan' in the normal sense of the phrase if it has a connection with or reference to such a plan." *Pilot Life Ins. Co.*, 481 U.S. at 47. A state law claim may be preempted where "the existence of the benefit plan is a critical factor in establishing liability." *Ingersoll-Rand Co.*, 498 U.S. at 139-40.

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.
Not Reported in F.Supp., 1996 WL 677512
**(Cite as: Not Reported in F.Supp.)**

Page 2

Each of Plaintiff's state law claims relate to defendant's health benefit plan. Plaintiff's claim under the UTPCPL relates to her health benefit plan. The UTPCPL makes it unlawful to engage in "unfair methods of competition and unfair or deceptive acts or practices of trade or commerce" through misrepresenting the services or failing to comply with the terms of the contract. 73 Pa. Stat. Ann. §§ 201-3, 201-2(4)(ii), (v), (vii), and (xiv). Plaintiff alleges that Defendants "intentionally and knowingly concealed their secret benefit schedule" and that they "used and continue to use confusing and misleading language in their contracts to falsely describe the benefits they would pay." Plaintiff's complaint, p. 7. Plaintiff also alleges that Defendants "intentionally and knowingly committed the above acts" to attract subscribers to its plan by "promising them the choice" of using non-plan providers and facilities at a reduced rate. Plaintiff's complaint, p. 7. Through her own allegations, Plaintiff discloses that "the existence of the [health] benefit plan is a critical factor in establishing liability" under Pennsylvania's Unfair Trade Practices and Consumer Protection Law. *Ingersoll-Rand Co.*, 498 U.S. at 139-40. Although Plaintiff alleges that some of the misrepresentations occurred prior to the purchase of the health benefit plan, the misrepresentations relate to performance-reimbursement for the costs of the operation-under the health benefit plan.

*2 Likewise, Pennsylvania's "bad faith" statute, 42 Pa.C.S.A. § 8371, states that "in an action under an insurance policy, if the court finds that the insurer has acted in bad faith toward the insured, the court may take all of the following actions...." Instead of showing how the statute does not relate to the health benefit plan, Plaintiff relies on the plan, as an "insurance policy," for the basis of her coverage under the statute. Accordingly, Plaintiff's claim is preempted by 29 U.S.C. § 1144(a) because it relates to her health benefit plan which is already covered under ERISA.

Plaintiff's breach of contract and common law civil conspiracy claims similarly relate to Defendants' performance, or of the lack thereof, under the health benefit plan. Accordingly, Plaintiff's state law causes of action against Defendants will be dismissed.

An appropriate Order follows.

### ORDER

AND NOW, this day of November, 1996, IT IS HEREBY ORDERED that Defendants' Motion to Dismiss Plaintiff's state law causes of action (Count I-breach of contract; Count II-violation of Pennsylvania's Unfair Trade Practices and Consumer Protection Law; Count IV-bad faith insurance practices; and Count V-conspiracy) is GRANTED.

E.D.Pa.,1996.
Alberts v. Independence Blue Cross
Not Reported in F.Supp., 1996 WL 677512

Briefs and Other Related Documents (Back to top)

• 2:96cv03926 (Docket) (May. 23, 1996)

END OF DOCUMENT

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.