# EXHIBIT D

**Westlaw.**

Not Reported in F.Supp.2d                                                                                           Page 1

Not Reported in F.Supp.2d, 2002 WL 265075
**(Cite as: Not Reported in F.Supp.2d)**

H
Not Reported in F.Supp.2d, 2002 WL 265075
Briefs and Other Related Documents
Only the Westlaw citation is currently available.
   United States District Court, N.D. Texas, Dallas Division.
Linda ERWIN, Individually and as Representative of the Estate of Charles H. Erwin, Plaintiff,
v.
U-HAUL INTERNATIONAL, INC., U-Haul Co., and U-Haul Company of Texas, Defendants.
**No. CIV.A.3:01-CV-2218-M.**

Feb. 22, 2002.

MEMORANDUM ORDER AND OPINION

LYNN.
\*1 On September 28, 2001, Plaintiff filed suit in state court against U-Haul International, Inc., U-Haul Co., and U-Haul Company of Texas ("the U-Haul Defendants"), alleging common law fraud, conspiracy, common law and statutory bad faith, and third party beneficiary claims. On November 5, 2001, the U-Haul Defendants removed the action to federal court, and, four days later, filed a Motion to Dismiss Plaintiff's claims as ERISA-preempted. Having considered the U-Haul Defendants' Motion to Dismiss, as well as the Response and Reply thereto, the Court is of the opinion that the Motion should be GRANTED in part and DENIED in part. The Court finds that Plaintiff's common law fraud, FN1 conspiracy, FN2 common law and statutory bad faith, and third party beneficiary claims FN3 are preempted by ERISA, as they relate to U-Haul's alleged involvement, as Plaintiff's employer, in a denial of benefits under an ERISA-qualified health plan. Because Plaintiff requests compensatory and punitive damages for these violations, the Court cannot recharacterize the claims as an ERISA claim. FN4 Thus, the Court determines that it must dismiss these claims. However, the Court finds that the fraudulent inducement claim against Defendants is not preempted by ERISA and therefore should not be dismissed.

FN1. *See* Order of October 1, 2001, *Erwin v. Texas Health Choice, et al.,* Civil Action No. 3:01-CV-380-M (finding Plaintiff's common law fraud claim in related case to be preempted by ERISA).

FN2. Plaintiff may note that the Court did not dismiss the conspiracy claim in Plaintiff's case against Texas Health Choice (f/k/a HMO Texas), Kaiser Foundation Health Plan of Texas, Permanente Medical Association of Texas, The Medical Group of Texas (f/k/a TexMed Physicians), and Sierra Health Services ("the Insurer Defendants") in *Erwin v. Texas Health Choice, et al.,* Civil Action No. 3:01-CV-380-M. The Court refused to dismiss the conspiracy claim against the Insurer Defendants because Plaintiff alleged that part of Defendants' liability stemmed from their involvement in a conspiracy to provide inadequate health care to Mr. Erwin. Because that allegation related to Defendants' role as health care providers, rather than health care benefit payors, the Court did not dismiss the conspiracy claim in that case. However, because Plaintiff does not allege that the U-Haul Defendants provided any health care to Mr. Erwin, but rather alleges that, as a party to Mr. Erwin's ERISA health care plan, the U-Haul Defendants are responsible for the plan's denial of payment for Mr. Erwin's liver transplant, the conspiracy claim against the U-Haul Defendants is based solely on the U-Haul Defendants' connection to the ERISA plan and is therefore preempted.

FN3. *See* Order of February 22, 2002,

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d

Page 2

Not Reported in F.Supp.2d, 2002 WL 265075
**(Cite as: Not Reported in F.Supp.2d)**

*Erwin v. Texas Health Choice, et al.*, Civil Action No. 3:01-CV-380-M (finding Plaintiff's common law and statutory bad faith claims and third party claims to be preempted by ERISA).

FN4. *See* Order of October 1, 2001, *Erwin v. Texas Health Choice, et al.*, Civil Action No. 3:01-CV-380-M (finding that Plaintiff's common law fraud claim could not be recharacterized as an ERISA claim because Plaintiff requested compensatory and punitive damages for the violation).

Plaintiff alleges that Defendants fraudulently induced Mr. Erwin to accept employment with U-Haul "by concealing and/or misrepresenting the contract terms of" the health care plan Mr. Erwin would participate in as a U-Haul employee. On the issue of whether ERISA preempts this claim, the Court finds instructive the Sixth Circuit's decision in *Perry v. P*I*E Nationwide, Inc.*, 872 F.2d 157 (6th Cir.1989). In *Perry,* the plaintiffs alleged that their employer, P*I*E, had fraudulently induced them to join the employee stock investment plan P*I*E had created by misrepresenting the terms of the plan in an attempt to gain the plaintiffs' consent to join. *Id.* at 159. Affirming the district court, the Sixth Circuit held the fraudulent inducement claim was not ERISA-preempted. *Id.* at 161-62. The *Perry* court based its holding in part on the premise that " 'where the state law has only an indirect effect on the plan *and* where it is one of general application which pertains to an area of important state concern, the court should find there has been no preemption.' " *Id.* at 161 (quoting *Provience v. Valley Clerks Trust Fund,* 509 F.Supp. 388, 391 (E.D.Cal.1981)). The court then reasoned that "[i]t may well be argued that state common law actions based on fraud ... do concern important state interests and have general application to state causes of action rather than to federal claims." *Id.* Furthermore, the Sixth Circuit noted approvingly the district court's finding that " '[p]reemption by ERISA ... does not apply to alleged common law actions of fraud or misrepresentation 'to get the plaintiffs to join the plan,' " because such conduct occurs before the plaintiffs become participants in the plan. *Id.* at 159. The Court finds the *Perry*

court's reasoning applicable to the case at hand.

*2 Although the Fifth Circuit has not handed down a decision that is as directly on point as *Perry,* in *Perkins v. Time Insurance Co .,* 898 F.2d 470, 473 (5th Cir.1990) , which favorably cites the *Perry* court's holding, the Fifth Circuit found that a plaintiff's fraudulent inducement claim against an insurance agent for misrepresenting the terms of the ERISA plan to convince plaintiff to join the plan was not preempted. The *Perkins* court reasoned,

[w]hile ERISA clearly preempts claims of bad faith as against insurance companies for improper processing of a claim for benefits under an employee benefit plan ... we are not persuaded that this logic should extend to immunize agents from personal liability for their solicitation of potential participants in an ERISA plan prior to its formation. Giving the ERISA 'relates to' preemption standard its common-sense meaning, we conclude that a claim that an insurance agent fraudulently induced an insured to surrender coverage under an existing policy, to participate in an ERISA plan which did not provide the promised coverage, 'relates to' that plan only indirectly.... See Perry v. P*I*E Nationwide, Inc., 872 F.2d 157, cert. denied, 493 U.S. 1093, 110 S.Ct. 1166, 107 L.Ed.2d 1068 (1990) (state claims alleging fraudulent inducement to participate in an ERISA plan are not preempted by ERISA).

*Id.* (certain citations omitted); *see also Hubbard v. Blue Cross & Blue Shield Assoc.,* 42 F.3d 942 (5th Cir.1995) (holding that a plaintiff's fraudulent inducement claim, based on allegations that the parent company of her insurer disseminated false advertising in regard to the plaintiff's insurer in an attempt to induce the plaintiff to join the insurance plan, was not ERISA-preempted).

The above-cited cases persuade the Court that Plaintiff's fraudulent inducement claim, which is based on alleged misrepresentations made by Mr. Erwin's future employer in an attempt to get Mr. Erwin to accept U-Haul's job offer, is not preempted by ERISA. Although the fraudulent inducement claim necessarily touches upon the existence of the ERISA plan, it is related to the plan only indirectly. Plaintiff's claim does not concern

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d       Page 3
Not Reported in F.Supp.2d, 2002 WL 265075
**(Cite as: Not Reported in F.Supp.2d)**

Mr. Erwin's right to benefits under the plan-an issue which would, of course, be preempted-but instead involves conduct of U-Haul that occurred prior to Plaintiff's status as a participant in the plan.

In conclusion, the Court GRANTS Defendants' Motion to Dismiss the common law fraud, conspiracy, common law and statutory bad faith, and third party beneficiary claims, but DENIES the Motion to Dismiss the fraudulent inducement claim. Because the Court is dismissing all ERISA-preempted claims, and Plaintiff has not pleaded a claim against the U-Haul Defendants under ERISA, the Court lacks jurisdiction over this case and therefore REMANDS it to the 162nd District Court of Dallas County, Texas for further adjudication.

SO ORDERED.

N.D.Tex.,2002.
Erwin v. U-Haul International, Inc.
Not Reported in F.Supp.2d, 2002 WL 265075

Briefs and Other Related Documents (Back to top)

• 3:01cv02218 (Docket) (Nov. 05, 2001)

END OF DOCUMENT

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.