# EXHIBIT E

Westlaw.

953 F.2d 1388 (Table)

Page 1

953 F.2d 1388 (Table), 1992 WL 16801 (9th Cir.(Cal.))
**Unpublished Disposition**

**(Cite as: 953 F.2d 1388, 1992 WL 16801 (9th Cir.(Cal.)))**

C
NOTICE: THIS IS AN UNPUBLISHED OPINION.

(The Court's decision is referenced in a "Table of Decisions Without Reported Opinions" appearing in the Federal Reporter. Use FI CTA9 Rule 36-3 for rules regarding the citation of unpublished opinions.)

United States Court of Appeals, Ninth Circuit.
SYSTEM 99 MINORITY SHAREHOLDERS, Plaintiff-Appellant,
v.
Alan W. ROBISON, et al.; Bernie G. Head; Bradley Lusk; Golden Sanwa Bank, Defendants-Appellees.
**No. 90-15705.**

Argued and Submitted Aug. 23, 1991.
Decided Feb. 4, 1992.

Appeal from the United States District Court for the Northern District of California, No. CV-89-3772-SAW; Stanley A. Weigel, District Judge, Presiding.

N.D.Cal.

REVERSED AND REMANDED.

Before D.W. NELSON, CYNTHIA HOLCOMB HALL and FERNANDEZ, Circuit Judges.

MEMORANDUM [FN*]

**1 System 99 Minority Shareholders ("Minority Shareholders") is an unincorporated association comprised of former employees of System 99, a now-defunct California corporation that had been in the business of freight transportation. Minority Shareholders brought this action alleging improprieties in the formation and administration of an employee stock ownership plan ("ESOP") in System 99. Minority Shareholders brought suit against three groups of defendants: (1) former directors and officers of System 99 ("individual defendants"); (2) the trustee of the ESOP, Sanwa Bank California (formerly Golden Sanwa Bank) ("Sanwa"); and (3) the company which allegedly took possession of System 99's assets in a de facto merger, Viking Freight System, Inc. ("Viking"). The district court held that Minority Shareholders' claims against the individual defendants and Viking were barred by the California statute of limitations, and that plaintiffs' claims against Sanwa were barred by the statute of limitations of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 301-309, 441, 1001-1461. We reverse and remand.

I

The employees of System 99 were induced to participate in the ESOP in order to help save System 99 from financial collapse. The union representing System 99's employees agreed to modify the collective bargaining agreement so as to divert 10% of the employees' income into the ESOP. Later, that amount was increased to 15%. Despite this arrangement, System 99 ceased doing business and filed for bankruptcy in 1985.

On August 18, 1989, Minority Shareholders filed a complaint in state court alleging fraud, breach of fiduciary duty, usurpation of a corporate opportunity, coercion to induce participation in the ESOP, and civil conspiracy. Minority Shareholders alleged that the individual defendants had conspired to induce Minority Shareholders to purchase shares of stock in System 99 and thereafter plunder System 99 by selling its assets to Viking. Minority Shareholders also alleged that Sanwa, as trustee of the ESOP, breached its fiduciary duty to plaintiffs by failing to inform Minority Shareholders

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

953 F.2d 1388 (Table)
Page 2

953 F.2d 1388 (Table), 1992 WL 16801 (9th Cir.(Cal.))
**Unpublished Disposition**

(Cite as: 953 F.2d 1388, 1992 WL 16801 (9th Cir.(Cal.)))

that they were paying $21 million for a 40% interest in a corporation whose assets amounted to a mere $4 million. Minority Shareholders further alleged that Sanwa breached its fiduciary duty by failing to issue stock certificates to Minority Shareholders as their contributions to the ESOP were received. Finally, Minority Shareholders alleged that "defendants" had conspired to defraud Minority Shareholders. Minority Shareholders alleged that it "did not discover the fraudulent conduct of the defendants, as described herein, until April of 1986, when System 99 filed a Chapter 7 Bankruptcy. The plaintiffs did not discover the nature and extent of the damages until on or about February 15, 1989...."

On October 23, 1989, Sanwa and some of the individual defendants removed the action to federal district court on the ground that Minority Shareholders' claims were preempted by ERISA. On January 8, 1990, the district court held that it had jurisdiction because at least one of Minority Shareholders' claims was preempted by ERISA and the remaining claims were therefore subject to the court's pendent jurisdiction. On January 18, 1990, the district court dismissed all of Minority Shareholders' claims against Viking and the individual defendants on the ground that these claims were founded in state law and were barred by California's three-year statute of limitations. [FN1] On May 3, 1990, the district court dismissed Minority Shareholders' claims against Sanwa on the ground that those claims were barred by ERISA's statute of limitations.

II

**2 We first consider Minority Shareholders' claim that the district court should have granted its motion to remand the case to state court. Removal is a question of federal subject matter jurisdiction, reviewed de novo by this court. *Nishimoto v. Federman-Bachrach & Assocs.*, 903 F.2d 709, 712 (9th Cir.1990).

A
Sanwa argues that the panel should review removal in accord with *Sorosky v. Burroughs Corp.*, 826 F.2d 794, 798 (9th Cir.1987). In *Sorosky*, we held that " '[w]here after removal a case is tried on the merits without objection and the federal court enters judgment, the issue in subsequent proceedings on appeal is not whether the case was properly removed, but whether the federal district court would have had original jurisdiction of the case had it been filed in that court.' " *Id.* at 798 (quoting *Grubbs v. General Elec. Credit Corp.*, 405 U.S. 699 (1972)); *accord Nishimoto*, 903 F.2d at 712-13. We need not consider Sanwa's argument to decide the issues before us, however, because Minority Shareholders' arguments regarding the propriety of removal jurisdiction in this case focus strictly on the propriety of subject matter jurisdiction. While technicalities of removal procedure can be waived by failure to file an interlocutory appeal, the propriety of subject matter jurisdiction can never, of course, be waived. 1A James Wm. Moore & Brett A. Ringle, *Moore's Federal Practice* ¶ 0.157[11.-4], at 172-80 (2d ed.1991) (formal or modal defects in removal procedure are waivable, but subject matter jurisdiction defects never waivable). Since our analysis of the jurisdiction question would be unchanged by deciding the waiver issue, we will not do so.

B
An ERISA preemption defense can provide a basis for federal subject matter jurisdiction when the state law claims are within the civil enforcement provision of ERISA § 502(a), 29 U.S.C. § 1132(a). *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 66 (1987); *Felton v. Unisource Corp.*, 940 F.2d 503, 507 (9th Cir.1991). Minority Shareholders is alleging breaches of fiduciary duties by the individual defendants and Sanwa subjecting the defendants to liability under ERISA § 409(a), 29 U.S.C. 1109(a). [FN2] *See infra* Section III(B) & (C) (holding that the individual defendants and Sanwa were ERISA fiduciaries). ERISA § 502(a)(2) provides that a participant or beneficiary may bring suit to enforce the provisions of section 409. Thus, under *Taylor*, Minority Shareholders' claims against the individual defendants and Sanwa provide a basis for federal subject matter jurisdiction and for removal. "[T]he pre-emptive

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

953 F.2d 1388 (Table)

Page 3

953 F.2d 1388 (Table), 1992 WL 16801 (9th Cir.(Cal.))
**Unpublished Disposition**

**(Cite as: 953 F.2d 1388, 1992 WL 16801 (9th Cir.(Cal.)))**

effect of § 502(a) [is] so complete that an ERISA pre-emption defense provides a sufficient basis for removal of a cause of action to the federal forum notwithstanding the traditional limitation imposed by the 'well-pleaded complaint rule.' " *Ingersoll-Rand Co. v. McClendon,* 111 S.Ct. 478, 486 (1990). The district court's ruling that it had jurisdiction because the ERISA preemption defense should be treated as a federal question for purposes of the well-pleaded complaint rule was therefore correct.

**\*\*3** Pendent jurisdiction extends to all claims arising out of a "common nucleus of operative fact" with a federal question. *Republic of the Philippines v. Marcos,* 862 F.2d 1355, 1359 (9th Cir.1988) (en banc) (citing *United Mine Workers v. Gibbs,* 383 U.S. 715, 725 (1966)), *cert. denied,* 490 U.S. 1035 (1989). The district court therefore properly exercised its jurisdiction over all of Minority Shareholders' claims against the individual defendants and Sanwa because ERISA's civil enforcement provision preempted at least of one of Minority Shareholders' claims against those parties.

C

The district court dismissed Minority Shareholders' claim against Viking on the ground that it was barred by the California statute of limitations. The district court correctly held that Minority Shareholders did not allege a violation of ERISA by Viking because Viking was not an ERISA fiduciary. It had no discretionary authority or control over the ESOP or its assets. *See* ERISA § 3(21)(A), 29 U.S.C. § 1002(21)(A) (fiduciary is a person who "exercises any discretionary authority or discretionary control respecting management of [a] plan or exercises any authority or control respecting management or disposition of [the plan's] assets...."). Even if Viking knowingly participated in or facilitated the fiduciaries' breach of their duty to the ESOP, section 409(a) does not provide a cause of action. *Batchelor v. Oak Hill Medical Group,* 870 F.2d 1446, 1448 (9th Cir.1989).

A suit by either Minority Shareholders or the ESOP plan itself could therefore be brought only under California law. Because there is no federal question in Minority Shareholders' suit against Viking, the district court did not have subject matter jurisdiction. *See Finley v. United States,* 490 U.S. 545, 549-56 (1989) (pendent claim jurisdiction does not create pendent party jurisdiction under the Federal Tort Claims Act). "We have repeatedly held that parties may not be added to an action absent an independent jurisdictional base for inclusion and that pendent party jurisdiction will not substitute for complete diversity or a federal question." *Safeco Ins. Co. of America v. Guyton,* 692 F.2d 551, 555 (9th Cir.1982). Thus, the district court should have remanded this portion of Minority Shareholders' suit to state court because the district court lacked jurisdiction over the suit against Viking.

III

Having determined that the district court properly exercised jurisdiction over this case, we now consider whether the district court properly applied the correct statute of limitations to each set of defendants. Dismissal under Rules 12(b)(6) or 12(c) for failure to state a claim on which relief can be granted is reviewed de novo. *See Dworkin v. Hustler Magazine Inc.,* 867 F.2d 1188, 1192 (9th Cir.), *cert. denied,* 110 S.Ct. 59 (1989).

A

Minority Shareholders first argues that the California statute of limitations should apply to its claims against all defendants because the ESOP was not an ERISA plan. A pension plan regulated by ERISA is

**\*\*4** any plan, fund, or program ... established or maintained by an employer or by an employee organization, or by both, to the extent that by its express terms or as a result of surrounding circumstances such plan, fund, or program--

(i) provides retirement income to employees, or

(ii) results in a deferral of income by employees for periods extending to the termination of covered employment or beyond,

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

953 F.2d 1388 (Table) Page 4

953 F.2d 1388 (Table), 1992 WL 16801 (9th Cir.(Cal.))
**Unpublished Disposition**

**(Cite as: 953 F.2d 1388, 1992 WL 16801 (9th Cir.(Cal.)))**

regardless of the method of calculating the contributions made to the plan, the method of calculating the benefits under the plan or the method of distributing benefits from the plan.

ERISA § 3(2)(A), 29 U.S.C. § 1002(2)(A). "The existence of an ERISA plan is a question of fact, to be answered in light of all the surrounding facts and circumstances from the point of view of a reasonable person." *Kanne v. Connecticut Gen'l Life Ins.,* 867 F.2d 489, 492 (9th Cir.1988), *cert. denied,* 492 U.S. 906 (1989).

Minority Shareholders argues that the alleged failure of the ESOP to meet requirements imposed by ERISA compels a conclusion that the ESOP was not an ERISA-regulated plan. This argument miscomprehends the distinction between regulation and compliance. The failure of a plan to comply with requirements imposed by ERISA cannot allow it to escape ERISA's provisions. Such a result would be absurd and defeat the purpose behind ERISA's comprehensive regulatory scheme: " '[O]nce [an ERISA plan is] established, ERISA operates to protect an employee's interest in the welfare benefit program regardless of whether the employer complies with the administrative and reporting requirements detailed under ERISA.' " *Scott v. Gulf Oil Corp.,* 754 F.2d 1499, 1503 (9th Cir.1985) (quoting *Blau v. Del Monte Corp.,* 748 F.2d 1348, 1352 (9th Cir.), *cert. denied,* 474 U.S. 865 (1985)).

Minority Shareholders' argument, if accepted, would allow employers to "escape ERISA's coverage merely by failing to comply with its requirements." *Id.* at 1503. But the requirements imposed by ERISA " 'are only the responsibilities of administrators and fiduciaries of plans covered by ERISA and are not prerequisites to coverage under the Act.' " *Id.* at 1504 (quoting *Donovan v. Dillingham,* 688 F.2d 1367, 1372 (11th Cir.1982) (en banc)). Thus, compliance or noncompliance with ERISA requirements is irrelevant to determining whether ERISA regulated the ESOP. [FN3]

The district court properly examined the document establishing the ESOP and the declarations of the parties to find that the ESOP was intended to be an ERISA plan. Thus, statements in the ESOP documents referring to ERISA and recognizing that ERISA may preempt California law regulating the ESOP were properly considered by the district court. *See Kanne,* 867 F.2d at 493 ("The plan brochure ... describes the plan as an ERISA plan, evidencing the intent ... to create an ERISA plan."); *Credit Managers Ass'n v. Kennesaw Life & Accident Ins. Co.,* 809 F.2d 617, 625 (9th Cir.1987) (analyzing plan documents to determine whether plan regulated by ERISA).

**\*\*5** We agree with the district court that the System 99 ESOP provided for a deferral of income by System 99 employees to the termination of their employment. The ESOP plan provided that "[a] participant's Capital Accumulation will be computed following the termination of his Service." Thus, the ESOP was an "employee pension benefit plan" as defined by ERISA § 3(2)(A).

B

The district court erred by holding that Minority Shareholders' state law claims against the individual defendants for fraud, civil conspiracy, usurpation of corporate opportunity, and breach of fiduciary duty were not preempted by ERISA. With few exceptions, ERISA preempts all state laws which "relate to" an employee benefit plan covered by ERISA. ERISA § 514(a), 29 U.S.C. § 1144(a); *Scott,* 754 F.2d at 1501. "A law 'relates to' an employee benefit plan ... if it has a connection with or reference to such a plan." *Shaw v. Delta Air Lines,* 463 U.S. 85, 96-97 (1983). "Congress used the words 'relate to' in § 514(a) in their broad sense." *Id.* at 98; *see also Ingersoll-Rand,* 111 S.Ct. at 484 (rejecting argument that state law must "purport to regulate" ERISA plans in order to "relate to" ERISA).

Minority Shareholders' claims that the individual defendants induced plaintiffs to contribute money to the ERISA plan as part of a scheme to plunder the plan and abscond with its funds clearly "relate to"

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

953 F.2d 1388 (Table) Page 5
953 F.2d 1388 (Table), 1992 WL 16801 (9th Cir.(Cal.))
**Unpublished Disposition**

**(Cite as: 953 F.2d 1388, 1992 WL 16801 (9th Cir.(Cal.)))**

the plan. *See Ingersoll-Rand,* 111 S.Ct. at 483 (cause of action relating "to the essence of the pension plan itself" is preempted) (emphasis omitted). Claims based upon that fraud must therefore be brought, if at all, under ERISA § 409(a) which provides a cause of action against a fiduciary for breach of his fiduciary duty. *See Williams v. Caterpillar, Inc.,* No. 89-16353, slip op. 14973, 14987-88 (9th Cir. Nov. 1, 1991) (actions against fiduciaries limited to harms to plan as a whole).

Minority Shareholders' allegations, if proven, state a violation by the individual defendants of their fiduciary duty to the ESOP. *See* ERISA § 3(21)(A), 29 U.S.C. § 1002(21)(A) ("[A] person is a fiduciary with respect to a plan to the extent ... he exercises any discretionary authority or discretionary control respecting management of such plan or exercises any authority or control respecting management or disposition of [the plan's] assets...."); ERISA § 404(a)(1), 29 U.S.C. § 1104(a)(1) ("[A] fiduciary shall discharge his duties with respect to the plan solely in the interest of the participants and beneficiaries...."); *see also* Department of Labor, Questions and Answers Relating to Fiduciary Responsibility Under the Employee Retirement Income Security Act of 1974, 29 C.F.R. § 2509.75-8 (1991) (directors of corporation establishing ERISA plan are fiduciaries to extent they actually carry out discretionary activities relating to the plan).

Because Minority Shareholders' claims are preempted by ERISA, the district court should have applied the ERISA statute of limitations, ERISA § 413, 29 U.S.C. § 1113, [FN4] to its claims against the individual defendants. Because ERISA allows claims for fraud by a fiduciary to be brought within six years after the fraud is discovered, Minority Shareholders' claims against the individual defendants are not barred.

C

**6 The district court also erred by holding that Minority Shareholders' claims against Sanwa were barred by the ERISA statute of limitations. The district court was misled by Minority Shareholders' characterization of the alleged breach of fiduciary duty by Sanwa as failing to notify Minority Shareholders of the true value of System 99 stock and failing to actually issue stock. Minority Shareholders' complaint, fairly read, implies a more obvious breach of fiduciary duty by Sanwa. Sanwa, as trustee of the ESOP's holdings, had a duty to protect the assets and make them productive. Sanwa therefore had a duty to sue System 99 and its directors and officers in order to stop the looting of the corporation.

Sanwa's duty to sue System 99 in order to protect the assets of the corporation (and thereby those of the trust) was not breached in April 1986 when the scope of the alleged fraud became readily apparent. Under California law, Sanwa had three years in which to sue System 99 on theories such as fraud, usurpation of a corporate opportunity, or de facto merger. *See* Cal.Civ.Proc.Code § 338(d). [FN5] Since the trust assets would theoretically suffer no cognizable harm if Sanwa waited to sue until the end of the limitations period, Sanwa was not in breach of its fiduciary duty until the state statute of limitations ran in April 1989. In April 1989 Sanwa had unquestionably allowed a valuable asset of the trust--the claims against System 99 and its officers and directors--to waste away. Thus, Sanwa's breach of its fiduciary duty under ERISA did not occur until April 1989.

Since Sanwa breached its fiduciary duty in April 1989, Minority Shareholders had three years to sue Sanwa under ERISA § 413. Thus, Minority Shareholders is not barred by the statute of limitations from pursuing an action against Sanwa for breaching its fiduciary duty under ERISA § 409(a).

Sanwa complains that it was only the trustee of the ESOP for a "brief time." We leave it to the district court on remand to determine whether Sanwa can escape liability under ERISA § 409(b), 29 U.S.C. § 1109(b), [FN6] or, indeed, whether Sanwa breached its duty as a factual matter. We only decide here that Minority Shareholders is not barred by the

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

953 F.2d 1388 (Table)                                                                                               Page 6

953 F.2d 1388 (Table), 1992 WL 16801 (9th Cir.(Cal.))
**Unpublished Disposition**

**(Cite as: 953 F.2d 1388, 1992 WL 16801 (9th Cir.(Cal.)))**

ERISA statute of limitations from pursuing its claim against Sanwa.

IV

The district court's dismissal of Minority Shareholders' claims against Viking is REVERSED and the case as to Viking is REMANDED for further remand to the state court. The district court's ruling that Minority Shareholders was barred from pursuing its claims against Sanwa and the individual defendants is REVERSED and the case is REMANDED for further proceedings.

FN* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3.

FN1. The district court dismissed Minority Shareholders' action under the Labor Management Relations Act of 1947, 29 U.S.C. §§ 141-187, for coercion on the ground that Minority Shareholders had failed to exhaust their administrative remedies. Minority Shareholders apparently do not contest that ruling on appeal.
The district court also implied in its January 18, 1990, Memorandum and Order that the unincorporated association of Minority Shareholders did not have standing to sue and suggested that each shareholder be substituted as an individual plaintiff. We intimate no view on the proper resolution of that pleading question by deciding the issues at hand.

FN2. Section 409(a) provides, in relevant part, that
Any person who is a fiduciary with respect to a plan who breaches any of the responsibilities, obligations, or duties imposed upon fiduciaries by this subchapter shall be personally liable to make good to such plan any losses to the plan resulting from each such breach, and to restore to such plan any profits of such fiduciary which have been made through use of assets of the plan by the fiduciary, and shall be subject to such other equitable or remedial relief as the court may deem appropriate, including removal of such fiduciary.

FN3. The same error infects Minority Shareholders' argument that the ESOP was not an ERISA plan because the ESOP did not meet the requirements of I.R.C. § 401.
  ERISA § 407(d)(6), 29 U.S.C. § 1107(d)(6), does incorporate the requirements of I.R.C. § 401 and associated Treasury Department regulations as a requirement for an "employee stock ownership plan." But ERISA § 407 does not determine whether a particular ESOP is subject to ERISA regulation.
Rather, section 407 defines instances where an ERISA plan is exempt from the prohibited transactions rules of ERISA § 406, 29 U.S.C. § 1106. Normally, ERISA plans can only hold limited amounts of stock in the employer. ERISA § 407 is therefore designed to allow employee stock ownership plans to circumvent that prohibited transaction rule by adhering to the requirements of I.R.C. § 401.
All this does nothing to advance Minority Shareholders' argument. If the ESOP did not comply with I.R.C. § 401 it does not remove the ESOP from ERISA regulation any more than would the ESOP's failure to obey any other ERISA requirement. A violation of I.R.C. § 401 would instead constitute a violation of ERISA's prohibited transaction rules.

FN4. Section 413 provides:
No action may be commenced under this subchapter with respect to a fiduciary's breach of any responsibility, duty, or obligation under this part, or with respect to a violation of this part, after the earlier of--

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

953 F.2d 1388 (Table)

953 F.2d 1388 (Table), 1992 WL 16801 (9th Cir.(Cal.))
**Unpublished Disposition**

**(Cite as: 953 F.2d 1388, 1992 WL 16801 (9th Cir.(Cal.)))**

Page 7

(1) six years after (A) the date of the last action which constituted a part of the breach or violation, or (B) in the case of an omission, the latest date on which the fiduciary could have cured the breach or violation, or
(2) three years after the earliest date on which the plaintiff had actual knowledge of the breach or violation;
except that in the case of fraud or concealment, such action may be commenced not later than six years after the date of discovery of such breach or violation.

FN5. Section 338(d) provides that "[a]n action for relief on the ground of fraud or mistake [must be brought within three years]. The cause of action in that case is not to be deemed to have accrued until the discovery, by the aggrieved party, of the facts constituting the fraud or mistake."

FN6. Section 409(b) provides that "No fiduciary shall be liable with respect to a breach of fiduciary duty under this subchapter if such breach was committed before he became a fiduciary or after he ceased to be a fiduciary."

953 F.2d 1388 (Table), 1992 WL 16801 (9th Cir.(Cal.)), Unpublished Disposition

END OF DOCUMENT

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.