**EXHIBIT A**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DONALD C. TILTON, D.O., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | C.A. No.: 05-00251 (SLR) |
| ) | |
| RADIATION ONCOLOGISTS, P.A., ) | |
| ) | |
| Defendant. ) | |

**CONFIDENTIALITY STIPULATION AND ORDER**

IT IS HEREBY STIPULATED AND AGREED by and among the undersigned counsel for Radiation Oncologists, P.A. ("ROPA"), and Donald C. Tilton, D.O. ("Plaintiff") (together with "ROPA," the "Parties"), subject to the approval of the Court, that the following procedures shall govern the disclosure and exchange of the Parties' confidential and/or proprietary business information in the above-captioned proceeding.

1. This Confidentiality Stipulation And Order (the "Confidentiality Order") governs the access to, use, and distribution of information specifically designated as "Confidential" under this Confidentiality Order. For purposes of this Confidentiality Order, "information" includes documents, that portion of pleadings incorporating documents by reference or discussing confidential documents, interrogatory responses, deposition testimony and all other discovery material.

2. Any Party may designate as confidential any material that reveals confidential business, financial or commercial information, or any material that otherwise is entitled to protective treatment under Rule 26(c)(7) of the Federal Rules of Civil Procedure, or any material that otherwise can appropriately be designated in good faith as confidential

(hereinafter "Confidential Information") by marking the words "CONFIDENTIAL" or "CONFIDENTIAL INFORMATION" on the face of each document and each page containing Confidential Information at the time it is produced or served, or, in the case of Confidential Information contained in or on media other than paper, by affixing such a label to the information or by using the party's best efforts to identify the information as confidential.

3. Confidential Information may be used only for the purposes involving this proceeding and shall not be used for any other purpose except:

(a) on written consent of the Party that provides the information, including any party's officers, directors, or employees; or

(b) by order of a court with jurisdiction.

4. If disclosed for purposes of this proceeding, the information designated "Confidential" shall be disclosed only to the following categories of persons:

(a) the Parties to this action;

(b) counsel for any Party, any other counsel employed by them, including contract attorneys, and such counsel's partners, associates, legal assistants, and employees;

(c) experts and consultants employed by any Party hereto or their legal counsel, and any assistants or employees of such experts, provided that such persons agree to be bound by the provisions of this Confidentiality Order and have executed the Understanding and Agreement in the form attached hereto as "Exhibit A;"

    (d)    court officials, including any special master appointed by the Court or any Court personnel; provided that such information filed in Court or disclosed in pleadings shall be filed under seal if the Court so permits;

    (e)    court reporters, including videographers, but with the understanding that it will be the mutual responsibility of the Parties to notify same of the terms of the Protective Order and that the court reporter or videographer is bound by the Confidentiality Order;

    (f)    trial witnesses, deponents, and witnesses who may be designated pursuant to Rule 26(a)(3) of the Federal Rules of Civil Procedure, provided that such persons agree to be bound by the provisions of this Confidentiality Order and the jurisdiction of the Court and have so indicated on the record under oath or have executed the Understanding and Agreement in the form attached hereto as "Exhibit A."

    (g)    any authors or recipients of any "Confidential" information where the author and/or recipient is identified on the face of the document, provided that such persons agree to be bound by the provisions of this Confidentiality Order and have executed the Understanding and Agreement in the form attached hereto as "Exhibit A."

    (h)    any other person to whom the Parties, after meeting and conferring in good faith, in writing agree or the Court otherwise orders.

5.    Any Party which references or otherwise discloses Confidential Information in any filing or pleading in this matter, or attaches any document containing Confidential Information to any filing or pleading in this matter shall request that the Court

permit such filing or pleading be made under seal. Nothing in this Confidentiality Order shall be construed or used to preclude the use of any Confidential Information in any hearing, trial, or other judicial or administrative proceeding in this action.

6. Nothing in this Confidentiality Order is to be construed or used as a waiver of any procedural or evidentiary objections or privileges under the Federal Rules of Civil Procedure, Federal Rules of Evidence, or applicable federal or state law.

7. The designation of "Confidential Information" pursuant to this Confidentiality Order shall not be construed as a concession by any Party that such information or any part of any document or thing is relevant or material to any issue or is otherwise discoverable.

8. All persons who have access to Confidential Information at any time shall take all precautions necessary to prohibit access to such information other than as provided for herein.

9. Any summaries or copies of Confidential Information prepared by a Party shall bear the Confidential Information legend set forth in paragraph 2 and shall be subject to the terms of this Confidentiality Order to the same extent as the information or document from which such summary or copy is made.

10. Within thirty (30) days after a final judgment in this action, all persons and entities in possession of Confidential Information shall either destroy the information and all copies thereof or return the information and all copies thereof to the Party that provided the information.

11. In the event if it is discovered that a Party has inadvertently produced documents that contain Confidential Information without the proper legend, the Party that

provided the information shall be permitted to provide new copies bearing the appropriate legend. On receipt of the new copies bearing the legend, Parties and all other persons who have received undesignated copies of the documents shall return the documents to counsel for the Party that provided the information and destroy all summaries, copies, and other reproductions thereof.

12. Disclosure of Confidential Information to third parties by any Party or person shall not waive the confidentiality of the information or the obligations hereunder.

13. This Confidentiality Order shall not be construed in any way to control the use, dissemination, or disposition by a Party of information that it designates as Confidential Information.

14. If a Party disputes the designation of materials as Confidential Information, it shall attempt to resolve the dispute prior to seeking relief from any court, and, as a condition precedent to seeking relief from any court, it shall certify by declaration that it has made a good faith effort to resolve such dispute extrajudicially. Any information designated as "Confidential" shall remain subject to the terms of this Confidentiality Order unless otherwise provided by an order of this Court.

15. If any court or governmental agency subpoenas or orders the production of any information designated hereunder as Confidential Information, the Party from which such information is sought shall, within ten (10) days of the receipt of such request and not less than twenty (20) days prior to the production of any Confidential Information, notify the other Party of such subpoena or order. A Party will not oppose any action by the Party possessing the information to prevent the production of the information sought, unless, after making a good faith effort to resolve the matter, it asks this Court for assistance.

16.  This Confidentiality Order may be modified or amended by agreement of the parties hereto with the approval of the Court.

17.  This Court shall retain jurisdiction to enforce the provisions of this Confidentiality Order beyond the conclusion of this proceeding.

18.  This Confidentiality Order shall become effective when signed by the Parties and entered by the Court. Pending entry by the Court, the Parties shall nonetheless be bound by the terms of this Confidentiality Order as if it had been entered.

19.  This Stipulation shall survive the termination of this proceeding and shall continue in full force and effect thereafter.

[The Remainder Of This Page Intentionally Left Blank]

397303

By: _____[signature]_____                Date: June 5, 2006
MORRIS NICHOLS ARSHT AND TUNNELL LLP
William H. Sudell, Jr. (No. 463)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19899-1347
(302) 658-9200
Counsel for Radiation Oncologists, P.A.

By: _____[signature]_____                Date: 4/27/06
GORDON, FOURNARIS & MAMMARELLA
Robert A. Penza (No. 2769)
1925 Lovering Avenue
Wilmington, DE 19806

SO ORDERED this _____ day of _____, 2006.

_____
CHIEF UNITED STATES DISTRICT JUDGE

517510

- 7 -

# EXHIBIT "A"

## UNDERSTANDING AND AGREEMENT REGARDING INFORMATION DESIGNATED CONFIDENTIAL

## UNDERSTANDING AND AGREEMENT REGARDING
## INFORMATION DESIGNATED CONFIDENTIAL

I hereby state that I have read and received a copy of the Confidentiality Stipulation And Order regarding the information designated confidential in the case of *Donald C. Tilton, D.O. v. Radiation Oncologists, P.A.*, Civil Action No. 05-00251 (SLR) and that I understand its terms and agree to be bound by its provisions. I also consent to personal jurisdiction of the United States District Court for the District of Delaware with respect to enforcement of the Order.

_____
Dated

_____
Signature

_____
Printed Name

_____
Address

_____

_____

517510