**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| **DONALD C. TILTON, D.O.,** | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | : C.A. No.: 05-00251 (SLR) |
| | : |
| **RADIATION ONCOLOGISTS, P.A.,** | : |
| | : |
| Defendant. | : |

**RESPONSE TO MOTION TO QUASH SUBPOENA *DUCES TECUM*** 

NOW COMES, Plaintiff Donald C. Tilton, D.O. ("Plaintiff"), by and through his undersigned counsel, and hereby moves this honorable Court to **DENY** Defendant Radiation Oncologists, P. A.'s ("ROPA" or "Defendant"), Motion to Quash the Subpoena *Duces Tecum* issued to William J. Martin, Esquire (the "Motion") and in support thereof states as follows:

Preliminary Statement

The Court must deny Defendant's Motion and allow William J. Martin, III, Esquire ("Mr. Martin") to respond to the subpoena *duces tecum* directed to him (the "Subpoena"). Plaintiff, during his tenure as an officer and director of ROPA had access to the legal advice Mr. Martin provided to ROPA through its officers and directors and any documents provided by Mr. Martin. Plaintiff, as a former officer and director, can obtain, through discovery, copies of any documents and legal advice provided by Mr. Martin during the former officer and director's tenure.

Further, Plaintiff also has access to all of Mr. Martin's advice concerning deferred compensation since Defendant has put that advice "in-issue" by questioning the legality of the SREA, the Amended SREA and the DCA drafted by Mr. Martin in accordance with applicable law. This would also apply to attorneys' advice ROPA received from other attorneys after Plaintiff left ROPA because it contradicts the advice ROPA received from Mr. Martin.

<u>Background and Stage of the Proceedings</u>

Plaintiff was an employee of ROPA from ROPA's incorporation on November 29, 1976 until his retirement on December 31, 2002. Plaintiff also became a shareholder of ROPA. Further, he was a director of ROPA until his retirement and served as President of ROPA until December 31, 2001. Plaintiff stepped-down as President of ROPA after he formally announced his intention to retire by letter dated December 5, 2001.

From, at the latest, July 7, 1995 through the time of Plaintiff's retirement and beyond, Mr. Martin served as the attorney for ROPA. Specifically, he drafted employment agreements, deferred compensation provisions and provided legal advice regarding same to ROPA's shareholders, officers and directors, which until December 31, 2002, included Plaintiff. It was only through the advice and assistance of counsel that ROPA entered into the SREA, the Amended SREA and the DCA with Plaintiff and with the other officers and directors of ROPA.

At the time the SREA and the Amended SREA were developed and executed, there were two (2) other shareholders, directors and officers of ROPA: Viroon Donavanik, M.D. and Peter R. Hulick, M.D. Drs. Hulick and Donavanik developed the deferred compensation formula contained in the SREA and the amendment to the deferred compensation formula found in the Amended SREA. None of the shareholders, officers and/or directors of ROPA objected to the terms of the SREA or the Amended SREA.

After Plaintiff's retirement, ROPA made two (2) years of bi-monthly payments to Plaintiff pursuant to the terms of the Amended SREA and the DCA. In January 2005, abruptly and for no lawful reason, ROPA ceased paying the contractual deferred compensation payments to Plaintiff.

On or about April 28, 2005, Plaintiff filed this action alleging violation of the Employee Retirement Income Security Act, 29 U.S.C. § 1001, et. seq. ("ERISA"), along with several State law causes of action. The State law claims were dismissed by the Court's Memorandum Opinion and Order dated January 18, 2006. On February 28, 2006, Plaintiff issued the Subpoena attached hereto as Exhibit "A". By agreement of counsel Mr. Martin's files were turned over to litigation counsel for ROPA, so that any documents from Mr. Martin's files, which ROPA did not intend to assert a privilege, could be released to Plaintiff's counsel. The documents which remain in dispute are listed on the ROPA Privilege Log -

William Martin Documents attached hereto as Exhibit "B". The documents requested should be provided as they are not protected by the attorney-client privilege.

### Basis to Deny the Requested Relief

A.  Attorney-Client Privilege Does not Apply to Former Member of Board of Directors as to Legal Advice Provided to the Board During His Tenure.

Defendant's argument misconstrues the request being made in the Subpoena as the Plaintiff attempting to waive ROPA's attorney-client privilege with its former attorney. This is not the case. Plaintiff's main purpose of filing the Subpoena was to obtain the legal advice provided to ROPA concerning deferred compensation while he was a shareholder, director and/or officer of ROPA.

ROPA has admitted to being Mr. Martin's client, but ROPA, as an inanimate entity, a professional association, must act through its agents, the "individuals empowered to act on behalf of the corporation." Commodity Futures Trading Commission v. Weintraub, 471 U.S. 343 (1985). Plaintiff, as an officer and director of ROPA was a member of the class of individuals empowered to act on behalf of ROPA. As such, Plaintiff had access to Mr. Martin's legal advice, even if he was not always the main recipient of the advice. No argument needs to be made that Plaintiff was jointly represented by Mr. Martin, because during the time period in question, Plaintiff **was** the client.

The issue of access of a former officer and/or director of a corporation to the legal advice and documents of a corporation implicates Delaware corporate law.  In <u>Moore Business Forms, Inc. v. Cordant Holdings Corp., et al.</u>, Del. Ch., 1996 WL 307444 (Jun. 4, 1996), the Court of Chancery was presented with a similar issue. Moore Business Forms, Inc. ("Moore"), was a stockholder in two (2) other corporations and was allowed to appoint a member of the Board of Directors of the two (2) corporations.  Moore appointed Mr. Rogers to act as its appointee on each of the two (2) Boards.  <u>Id.</u> One of the two (2) corporations wanted to exercise its rights to repurchase Moore's Preferred Stock.  Mr. Rogers agreed to remove himself from the Board meetings where legal advice was given concerning the repurchase.  <u>Id.</u>

Even given the adverse nature of Mr. Rogers under this fact pattern, the Court still ruled "Because the attorney-client privilege belongs to the client, it would be perverse to allow the privilege to be asserted *against* the client . . . Mr. Rogers was a member of that Board, having the same status as the other directors.  No basis exists to assert the privilege against him or, by extension, against Moore.  <u>Id.</u> at *6.  Even though, Mr. Rogers was technically hostile to the repurchase of Moore's Preferred Stock, as a Board member, he was still allowed access to the legal advice provided to the Board during his tenure.  <u>See</u> <u>also</u> <u>Kirby v. Kirby</u>, Del. Ch., 1987 WL 14862 (July 29, 1987); <u>SBC Interactive,</u>

<u>Inc. v. Corporate Media Partners</u>, Del. Ch., 1997 WL 770715 (Dec. 9, 1997).  For all the above reasons, Plaintiff is entitled to receive any documents listed on ROPA's privilege log that were provided to ROPA by Mr. Martin during Plaintiff's tenure as an officer and/or director of ROPA, ending December 31, 2002.  The specific documents that fall within this category are encompassed by the following Bates Nos.:

> WM PRIV 203-212
>
> WM PRIV 232-454
>
> WM PRIV 459-530
>
> ROPA PRIV 257-267

    B.    Plaintiff Has the Right to Review Any Legal Advice Received by ROPA Concerning Deferred Compensation and Termination of Any Member's Deferred Compensation Payments Because Defendant Has Caused the Legal Advice Received to be an Issue in This Litigation.

The "at-issue" exception to the attorney-client privilege is well accepted:

> Under Delaware law, the attorney-client privilege is not absolute.  The privilege belongs to the client and the client may waive, expressly or implicitly, the privilege.  Under the "at-issue" exception to the attorney-client privilege, a party waives the attorney-client privilege in one of two ways: (1) the party injects the attorney-client communication themselves into the litigation, or (2) the party injects an issue into the litigation, the truthful resolution of which requires an examination of attorney-client communications.  In order to gain access to the privileged information placed "at-issue," however, the party requesting the privileged information must be placed at a disadvantage

>       due to the inability to review the concealed
>       information. In most instances this dis-
>       advantage is the moving party's inability to
>       obtain the concealed information from an
>       alternative source if the privilege is upheld.

Fitzgerald v. Cantor, et al., Del. Ch., 1999 WL 64480 at *2 (Jan. 28, 1999) (citations omitted); see also Hoechst Celanese Corp. v. National Union, Del. Super., 623 A.2d 1118, 1123 (1992).

As stated above, ROPA was Mr. Martin's client. Mr. Martin provided ROPA with legal advice as to the development and drafting of the SREA, the Amended SREA and the DCA. Mr. Martin drafted the SREA, the Amended SREA and the DCA. Plaintiff and the other officers, directors and shareholders of ROPA relied upon Mr. Martin's legal advice as to the legality and viability of these documents.

By terminating Plaintiff's deferred compensation payments and seeking the return of all deferred compensation previously paid to Plaintiff in its counterclaim, Defendant calls into question the legal advice provided to ROPA by Mr. Martin relating to deferred compensation. Defendant clearly contends in paragraph 6 of its counterclaim that the amendment to the SREA caused "significant injury and financial loss to the deferred compensation plan and Defendant." Then in both paragraphs 6 and 7 of the counterclaim, Defendant argues that Plaintiff breached his fiduciary duties to the deferred compensation plan when he executed the Amended SREA

and the DCA. As such, Mr. Martin's legal advice to ROPA has been brought into issue in this litigation.

Additionally, the legal advice ROPA received from other counsel concerning termination of Dr. Tilton's deferred compensation payments, namely Peter Shanley, Esquire and Thomas R. Pulsifer, Esquire, are necessarily brought into issue and must also be provided. The legal advice ROPA received from Mr. Shanley and Mr. Pulsifer illustrate ROPA's actual understanding of the issues essential to ROPA's decision to terminate Plaintiff's deferred compensation payments. As in the <u>Fitzgerald</u> case, "without this information it will be impossible for the Court to assess the credibility of the Defendant or the reasonableness of their allegations regarding its understanding" as to the Amended SREA, the DCA and ROPA's decision to terminate Plaintiff's deferred compensation payments. <u>Fitzgerald</u>, at *2.

Plaintiff is at a disadvantage because he is unable to view the legal advice received by ROPA concerning its deferred compensation plans. The only source for this information is Mr. Martin's files, ROPA's files and the files of ROPA's attorneys who may have provided advice on the topic of deferred compensation. The documents withheld by ROPA, from its counsel and others, are listed on the ROPA Privilege Log - ROPA Documents attached hereto as Exhibit "C". Therefore, Plaintiff is entitled to receive copies

of the documents listed on the ROPA Privilege Log - ROPA Documents as follows:

| | |
|---|---|
| ROPA PRIV | 34-35 |
| ROPA PRIV | 84-85 |
| ROPA PRIV | 109 |
| ROPA PRIV | 141-144 |
| ROPA PRIV | 209-214 |
| ROPA PRIV | 218-219 |
| ROPA PRIV | 225-236 |
| ROPA PRIV | 245-256 |
| ROPA PRIV | 257-267 |

This information will also help establish Plaintiff's potential defenses to the counterclaim or to combat ROPA's defenses to the Complaint, i.e. estoppel, laches, waiver. When ROPA discovered it might have a claim and when it finally took action are issues pertinent to this litigation. This information can only be located in ROPA's or ROPA's attorneys' records.

WHEREFORE, Plaintiff Donald C. Tilton, D.O. hereby requests that this Court enter an Order **DENYING** Defendant's Motion to Quash Subpoena *Duces Tecum*, and enter an Order compelling the production of the following documents from both of ROPA's privilege logs, attached hereto as Exhibits "B" and "C", and such other and further relief as this Court deems just and equitable:

<u>ROPA's PRIVILEGE LOG</u>

| <u>William Martin Documents</u> | <u>ROPA Documents</u> |
|---|---|
| WM PRIV    203-212 | ROPA PRIV    34-35 |
| WM PRIV    232-454 | ROPA PRIV    84-85 |
| WM PRIV    459-530 | ROPA PRIV    109 |
|  | ROPA PRIV    141-144 |
|  | ROPA PRIV    209-214 |
|  | ROPA PRIV    218-219 |
|  | ROPA PRIV    225-236 |
|  | ROPA PRIV    245-256 |
|  | ROPA PRIV    257-267 |

**GORDON, FOURNARIS & MAMMARELLA, P.A.**

Date: <u>July 13, 2006</u>

**/s/ Robert A. Penza**
Robert A. Penza, Esquire (DSB #2769)
Peter M. Sweeney, Esquire (DSB #3671)
1925 Lovering Avenue
Wilmington, DE   19806
(302) 652-2900
rpenza@gfmlaw.com
psweeney@gfmlaw.com
Attorneys for Plaintiff
Donald C. Tilton, D.O.

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| **DONALD C. TILTON, D.O.** | : | |
| | : | |
|       **Plaintiff,** | : | |
| | : | |
|     **v.** | : | C.A. No.: 05-251 (SLR) |
| | : | |
| **RADIATION ONCOLOGISTS, P.A.,** | : | |
| **VIROON DONAVANIK, M.D.,** | : | |
| **MICHAEL F. DZEDA, M.D.,** | : | |
| **CHRISTOPHER KOPROWSKI, M.D.** | : | |
| **ADAM RABEN, M.D., SUNJAY** | : | |
| **SHAH, M.D., and MICHAEL D.** | : | |
| **SORENSEN, M.D.** | : | |
| | : | |
|       **Defendants.** | : | |

**ORDER DENYING DEFENDANT'S MOTION TO QUASH SUBPOENA *DUCES TECUM*** 

    WHEREAS, the above captioned Defendant Radiation Oncologists, P. A. filed a Motion to Quash Subpoena *Duces Tecum* to William J. Martin, III, Esquire;

    WHEREAS, after review of the Motion to Quash Subpoena *Duces Tecum* and all responses related thereto, the Defendant Radiation Oncologists, P.A. has not met its burden to quash the Subpoena *Duces Tecum*.

    NOW THEREFORE, IT IS SO ORDERED, this ___ day of _____, 2006, that the Defendant's Motion to Quash Subpoena *Duces Tecum* is hereby **DENIED** and Defendant must produce the following documents within ten (10) days of the date of this Order:

ROPA's PRIVILEGE LOG

| William Martin Documents | ROPA Documents | |
|---|---|---|
| WM PRIV 203-212 | ROPA PRIV | 34-35 |
| WM PRIV 232-454 | ROPA PRIV | 84-85 |
| WM PRIV 459-530 | ROPA PRIV | 109 |
| | ROPA PRIV | 141-144 |
| | ROPA PRIV | 209-214 |
| | ROPA PRIV | 218-219 |
| | ROPA PRIV | 225-236 |
| | ROPA PRIV | 245-256 |
| | ROPA PRIV | 257-267 |

_____
United States District Court

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| **DONALD C. TILTON, D.O.** : | |
| : | |
| Plaintiff, : | |
| : | |
| v.  : | C.A. No.: 05-251 (SLR) |
| : | |
| **RADIATION ONCOLOGISTS, P.A.,** : | |
| **VIROON DONAVANIK, M.D.,** : | |
| **MICHAEL F. DZEDA, M.D.,** : | |
| **CHRISTOPHER KOPROWSKI, M.D.** : | |
| **ADAM RABEN, M.D., SUNJAY** : | |
| **SHAH, M.D., and MICHAEL D.** : | |
| **SORENSEN, M.D.** : | |
| : | |
| Defendants. : | |

**CERTIFICATE OF SERVICE**

I, Robert A. Penza, Esquire, do hereby certify that on this 13th day of July 2006, I caused two (2) true and correct copies of the foregoing Plaintiff's Response to Defendant's Motion to Quash Subpoena *Duces Tecum* to be served via electronic filing and regular U.S. Mail, postage prepaid, upon the following individual(s):

>William H. Sudell, Jr., Esquire
>Morris Nichols Arsht & Tunnell
>1201 North Market Street
>Wilmington, DE  19801

>**GORDON, FOURNARIS & MAMMARELLA, P.A.**
>
>**/s/ Robert A. Penza**
>Robert A. Penza, Esquire (DSB #2769)
>Peter M. Sweeney, Esquire (DSB #3671)
>1925 Lovering Avenue
>Wilmington, DE  19806
>(302) 652-2900
>psweeney@gfmlaw.com
>Attorneys for Plaintiff, Donald C. Tilton