IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DONALD C. TILTON, D.O., : | |
| Plaintiff, : | |
| v. : | Civil Action No. 05-00251 (SLR) |
| RADIATION ONCOLOGISTS, P.A., : | |
| Defendant. : | |

**REPLY MEMORANDUM IN SUPPORT OF MOTION TO QUASH
SUBPOENA DUCES TECUM**

Pursuant to Rule 45(c)(3) of the Federal Rules of Civil Procedure (the "Federal Rules"), Radiation Oncologists, P.A., ("ROPA"), by and through its undersigned counsel, hereby files this reply memorandum (the "Reply") in support of its Motion to Quash the Subpoena Duces Tecum (D.I. 36) issued to William J. Martin, III, Esquire (the "Subpoena").

SUMMARY OF REPLY

The Court must quash the Subpoena as it attempts to require the disclosure of documents and communications that fall within the protection of ROPA's attorney-client and work product privileges. As set forth in the Motion, these privileges belong to ROPA and Plaintiff's status as a former shareholder and director does not entitle him to waive these privileges on ROPA's behalf. See Dexia Credit Local v. Rogan, 231 F.R.D. 268 (N.D. Ill. 2004); Breckinridge v. Bristol-Myers Co., 624 F. Supp. 79, 83 (S.D. Ind. 1985). In the Response to Motion to Quash Subpoena Duces Tecum (the "Response"), Plaintiff fails to even attempt to address this authority which presents material facts analogous to the instant dispute. This failure alone compels the Court's denial of Plaintiff's request to intrude upon ROPA's privileges.

The cases Plaintiff cites, moreover, are inapplicable to the instant dispute because they are state law cases. This Court's jurisdiction is based on federal question jurisdiction. Therefore, the law governing privilege in this case is federal common law, not state corporate law. The clearly established federal common law requires that the Motion be granted.

Additionally, the state law cases on which Plaintiff relies are entirely distinguishable from the instant dispute. Those cases stand for the proposition that a corporate director (in his role as a director) may, in certain circumstances, obtain privileged documents from the corporation *to further the interests of the corporation*. In the present case, Plaintiff is not suing in his role as a former director to benefit ROPA; instead, he has sued ROPA in his individual capacity to advance his personal interests over those of ROPA, thus defeating any argument he may have to the privileged documents under the cases on which he relies.

The cases Plaintiff cites also rely upon the assumption that management is a "joint client" with the corporation when corporate counsel provide legal advice to the corporation. As set forth in detail in the Motion, this assumption is contrary to clearly established federal common law that holds that it is the organization that is the sole client.

Finally, ROPA did not put its attorney-client communications "at issue" in this litigation. Under Third Circuit precedent, an "at issue" waiver occurred only if ROPA attempted to "prove [its] claim or defense by disclosing or describing an attorney client communication." Rhone-Poulenc Rorer Inc. v. The Home Indemnity Co., 32 F.3d 851 (3d Cir. 1994). ROPA has not disclosed or described any attorney client communication to support its defenses or its counter-claim. For these reasons, the Court should quash the Subpoena.

2

ARGUMENT

I. PLAINTIFF IS INCORRECT IN ASSERTING THAT HIS STATUS AS A FORMER OFFICER OF ROPA ENTITLES HIM TO THE PRODUCTION OF DOCUMENTS PROTECTED BY ROPA'S ATTORNEY-CLIENT AND WORK PRODUCT PRIVILEGES

As a threshold matter, it is telling that Plaintiff does not even attempt to address the authority ROPA cited setting forth the rule that, even though a business organization acts through its agents, the attorney-client and work product privileges belong to the organization because the organization is the client. This is black-letter federal common law set forth by the United States Supreme Court in Commodity Futures Trading Commission v. Weintraub, 471 U.S. 343 (1985). Although an individual (such as Plaintiff) may be the agent "at the time confidential communications were made between the corporation (on whose behalf the agent was acting) and counsel, once the agent leaves the corporation's employ, the privilege, and the legal rights associated with it, do not leave with th[e] agent. Rather, the privilege remains with the corporation because it belongs to the corporation." See Dexia Credit Local v. Rogan, 231 F.R.D. 268 (N.D. Ill. 2004); Breckinridge v. Bristol-Myers Co., 624 F. Supp. 79, 83 (S.D. Ind. 1985).

Plaintiff does not address this authority but instead makes irrelevant arguments and avoids the heart of the issue: whether Plaintiff, as a former manager of ROPA, still has the right to direct when and how ROPA may exercise its attorney-client and work product privileges. The answer, as set forth in detail in the Motion, is that Plaintiff lost this right when he left ROPA's employ. See Dexia, 231 F.R.D. at 278 ("[T]he question presented is whether there is any legal basis to permit a former control group member to invade the corporate privilege, when he or she no longer is a member of the control group and has no personal claim of privilege in the documents at issue. We believe the answer to that question is no"); Breckenridge, 624 F. Supp. at 83.

3

A.  Because this Court has Jurisdiction Over this Action Under Federal Question Jurisdiction, Federal, Not State, Privilege Law Applies

In addition to the fact that all of the cases Plaintiff relies upon are clearly distinguishable from the instant case (as is explained below), the Court should reject Plaintiff's argument because he predicates his rationale on the assertion that Delaware corporate law controls the question of attorney-client and work product privileges. See Response at 5. Plaintiff does not rely upon any federal authority that supports his contention that he should be entitled to control access to ROPA's privileged documents because he once was a member of its management. What Plaintiff fails to understand, however, is that the issue of privilege in this case is controlled by federal common law, not state corporate law principles.

On January 18, 2006, this Court issued a Memorandum Opinion and Order dismissing all of Plaintiff's state law claims (D.I. 19, 20), leaving only his claim based on the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001, et seq. Accordingly, the only basis for this Court's jurisdiction over this proceeding is federal question jurisdiction and, therefore, the federal common law of privileges, not Delaware corporate law principles, controls. See Koch Materials Co. v. Shore Slurry Seal, Inc., 208 F.R.D. 109, 116-17 (D.N.J. 2002)(citing Wm. T. Thompson Co. v. Gen'l Nutrition Corp., Inc., 671 F.2d 100, 103 (3d Cir. 1982); Melhorn v. New Jersey Transit Rail Operations, Inc., 203 F.R.D. 176, 178 (E.D. Pa. 2001); Iwanejko v. Cohen & Grisby, No. 2:03CV1855, 2005 WL 4043954, at *1 (W.D. Pa. Oct. 5, 2005)(citation omitted). Thus, the unreported state law cases Plaintiff cites in support of his argument that former management should have the ability to access documents protected by an organization's privilege are inapplicable to the instant dispute. See Response at p. 5-6.

4

B.  The Unreported State Law Cases Plaintiff Relies Upon are Distinguishable and Do Not Compel the Production of ROPA's Privileged Documents

Plaintiff's state law cases do not support his request to compel the disclosure of ROPA's privileged documents because he is not suing ROPA in his capacity as a director of ROPA to benefit the organization, but instead in his individual capacity to advance his personal interests over those of ROPA. As noted in Moore Business Forms, Inc. v. Cordant Holdings Corp., C.A. Nos. 13911 & 14595, 1996 Del. Ch. LEXIS 56 (Del. Ch. June 4, 1996) (the principle case relied upon by Plaintiff), when a plaintiff sues to advance his personal agenda in a manner inconsistent with the corporation's interests, the plaintiff is acting contrary to the fiduciary duties he owed to the corporation in his role as a director and, therefore, is unable to claim that his status as a former director entitles him to this information. See id., at *16, n. 5. This result is necessary because, even if the power to waive the corporate attorney-client and work product privileges remains with a manager (which it does not) after he/she leaves an entity's employ, "[t]he managers, of course, must exercise the privilege in a manner consistent with their fiduciary duty to act in the best interests of the corporation and not of themselves as individuals." See Stopka v. Alliance of Am. Ins., No. 95 C 7487, 1996 WL 204324, at *6 (N.D. Ill. 1996)(citing Weintraub, 471 U.S. at 348-49). If the former manager is not acting in a manner faithful to these fiduciary duties, he/she may not claim to exercise control over the entity's privileges. Id.; Milroy v. Hanson, 875 F. Supp. 646, 650 (D. Neb. 1995)(rejecting the argument that the plaintiff had the right under state corporate law to view documents protected by the corporation's privilege when he filed suit to benefit himself in a manner inconsistent with his fiduciary role as a corporate director).

The Court should also reject the cases Plaintiff cites in support of his argument that he has the right to access ROPA's privileged documents because they are based on the assumption that a former member of management should be treated as a "joint client" with the corporation when corporate counsel provided legal advice to the corporation. See Moore, 1996 Del. Ch. LEXIS 56, at *12. That assumption is inconsistent with the United States Supreme Court's statement that "when control of a corporation passes to new management, the authority to assert and waive the corporation's attorney-client privilege passes as well." See Weintraub, 471 U.S. at 349 n.5 (noting that because former managers may not assert the privilege over the wishes of current managers, former managers retain no control over a corporation's privilege).

Additionally, in the Response, Plaintiff concedes that he was never a joint "client" of Mr. Martin with ROPA. Response at 4. By making this admission, Plaintiff defeats his argument that Moore, and the line of cases following Moore, entitles him to invade ROPA's privilege.[1] As discussed in the preceding paragraph, Moore and its progeny base their analysis on the assumption that "directors are all responsible for the proper management of the corporation, and[, therefore,] it seems consistent that they be treated as the 'joint client' when legal advice is rendered to the corporation through one of its officers or directors." Moore, 1996 Del. Ch. LEXIS 56, at *12-13 (citing Kirby v. Kirby, Del. Ch., C.A. No. 8604 (July 29, 1987)).[2]

---

[1]  Indeed, it is undisputed that Plaintiff was represented by Peter Gordon, Esquire as his personal attorney throughout the process of negotiating and finalizing his deferred compensation benefits. Plaintiff, therefore, had no reasonable expectation that Mr. Martin represented his interests in addition to those of ROPA.

[2]  It is worth noting that one of the cases relied on by Plaintiff, SBC Interactive, Inc. v. Corporate Media Partners, No. Civ. A. 15987, 1997 WL 770715 (Del. Ch. Dec. 9, 1997), actually rejected the argument Plaintiff advances. In SBC, the court dismissed the plaintiff's contention that its status "as a partner [of a limited partnership] automatically
(continued . . .)

6

By disavowing himself of any claim of joint privilege, Plaintiff is left without any justification for his asserted right to intrude upon ROPA's attorney-client and work product privileges.

II.   ROPA DID NOT PUT ITS ATTORNEY-CLIENT COMMUNICATIONS "AT ISSUE" IN THIS LITIGATION

Plaintiff's assertion that the Subpoena should not be quashed because ROPA put its attorney-client communications "at issue" is directly contrary to settled Third Circuit precedent and, accordingly, should be rejected by this Court.[3] In the Response, Plaintiff contends that ROPA has put its attorney-client communications at issue because Mr. Martin drafted the deferred compensation agreements and, by terminating the deferred compensation payments to Plaintiff, ROPA "call[ed] into question the legal advice provided to ROPA by Mr. Martin." Response at 7. Plaintiff's argument fails to understand the "at issue" exception to the attorney-client privilege.

In Rhone-Poulec Rorer Inc. v. At Home Indemnity Co., 32 F.3d 851 (3d Cir. 1994), the Third Circuit set forth the test in this Circuit for determining whether a party has waived the attorney-client privilege by putting its confidential legal advice "at issue." In reversing the district court's decision compelling disclosure, the Rhone panel held that:

> "[a]dvice is not in issue merely because it is relevant, and does not necessarily become in issue because the attorney's advice might

---

(. . . continued)
and as a matter of law conferred upon it the status of client of [the partnership's attorney.]" Id. at *4.

[3]   Plaintiff again makes the fundamental mistake of assuming that Delaware corporate law cases control this issue. As noted above, because this Court's jurisdiction is based on federal question jurisdiction, federal common law, not state law, controls the issue of privilege.

7

>   affect the client's state of mind in a relevant manner. The advice
>   of counsel is placed in issue where the client asserts a claim or
>   defense, *and attempts to prove that claim or defense by disclosing
>   or describing an attorney-client communication.*

Id. at 863 (emphasis added)(citations omitted).

In the instant case, ROPA has not attempted to establish its defenses or counter-claim by disclosing a confidential communication with Mr. Martin. See D.I. 24 (a copy of the Answer is attached hereto as Exhibit A). Contrary to Plaintiff's assertions, it is obvious that ROPA's counter-claim, which alleges that Plaintiff's increase of his deferred compensation shortly before his retirement caused "significant injury and financial loss to the deferred compensation plan and [ROPA,]" does not involve an attempt by ROPA to prove a claim through the disclosure of an attorney-client communication.

These allegations simply state the *fact* that ROPA and the deferred compensation plan suffered injury as a result of Plaintiff's misdeeds. See Rhone, 32 F.3d at 864 (concluding that because the privilege holder "has not interjected the advice of counsel as an essential element of a claim in this case, the district court erred in affirming the magistrate judge's decision and in finding they must disclose documents . . . that would otherwise be protected from disclosure by the attorney client privilege"). Instead, it is Plaintiff that, for the first time in the Response, raises the issue of confidential communications with Mr. Martin as being relevant to his breach of his fiduciary duties. Plaintiff's efforts, however, to bring Mr. Martin's advice into this proceeding simply because they may be relevant cannot result in ROPA's waiver of its attorney-client privilege. Rhone, 32 F.3d at 864 ("Relevance is not the standard for determining whether or not evidence should be protected from disclosure of privilege, and that remains the case even if one might conclude the facts to be disclosed are vital, highly probative, directly relevant or even go the heart of the issue").

8

Plaintiff also argues that he is entitled to review the privileged communications between ROPA and its current counsel relating to the legal advice ROPA received concerning the termination of Plaintiff's deferred compensation benefits. Motion at 8. This astounding request for clearly privileged materials, which go to the heart of the attorney-client relationship, reveals Plaintiff's strategy for what it really is: an attempt to handicap ROPA in litigation by depriving it of the ability to obtain and communicate confidentially with its counsel.

The lack of merit of Plaintiff's argument is apparent when viewed in light of the purpose of the attorney-client privilege. As noted by the United States Supreme Court, the privilege is:

> intended to ensure that a client remains free from apprehension that consultations with a legal adviser will be disclosed . . . The privilege encourages the client to reveal to the lawyer confidences necessary for the lawyer to provide advice and representation . . . As the privilege serves the interests of justice, it is worthy of maximum legal protection.

Id. at 862 (citations omitted). Plaintiff's interpretation of the "at issue" exception to privileged communications is wholly violative of these principles.

Plaintiff's argument would require the disclosure of privileged material anytime an individual or corporation sought legal advice from its counsel once that advice became relevant in future litigation. This interpretation of the exception would swallow the rule of protected disclosures and have the obvious byproduct of preventing corporations and individuals from seeking the advice of their counsel based on the fear of future disclosure. Such a rule is repugnant to the goal of encouraging full and frank disclosures between a client and his/her counsel and, therefore, must be rejected by this Court. See Upjohn Co. v. United States, 449 U.S. 383, 388 (1981)(stating that the attorney client privilege's "purpose is to encourage full and

frank communication between attorneys and their clients and thereby promote broader public interests in the observance of law and administration of justice").

Because the at issue exception to the attorney-client privilege does not apply, the Court must deny Plaintiff's request for privileged materials between ROPA and its former counsel, Mr. Martin, and its counsel in the instant dispute.[4]

WHEREFORE, ROPA respectfully requests that the Court enter an order quashing the Subpoena.

Date: August 3, 2006
      Wilmington, Delaware

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ William H. Sudell, Jr.*
William H. Sudell, Jr. (No. 463)
Curtis S. Miller (No. 4583)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19899-1347
(302) 658-9200

Counsel for Defendants Radiation Oncologists, P.A.

---

[4] ROPA also notes that Plaintiff treats the Response as a disguised motion to compel. Apart from failing to follow this Court's Chamber's Procedures (which requires any party seeking substantive relief to *file a motion* consistent with the Federal Rules of Civil Procedure), Plaintiff violated Local Rule 7.1.1, in that he failed to make any effort to reach agreement with counsel for ROPA on the production of privileged materials generated by ROPA's communications with Peter Shanley, Esquire and Thomas Pulsifer, Esquire, before filing the Response.