# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

DONALD C. TILTON, D.O., :
        Plaintiff, :
        v. : Civil Action No. 05-00251 (SLR)
RADIATION ONCOLOGISTS, P.A., :
        Defendant. :

## ANSWER AND COUNTERCLAIM

Defendant, Radiation Oncologists, P.A. ("ROPA"),[1] hereby answers the numbered paragraphs of the Complaint as follows:

1. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 1 of the Complaint and, therefore, denies them.

2. Admitted.

3. To the extent paragraph 3 of the Complaint alleges that Viroon Donavanik, M.D. is a defendant in this action, this allegation is denied as a result of the Court's Memorandum Opinion and Order entered on January 18, 2006. Defendant admits the allegations of paragraph 3 of the Complaint regarding Dr. Donavanik's residency.

4. To the extent paragraph 4 of the Complaint alleges that Michael F. Dzeda, M.D. is a defendant in this action, this allegation is denied as a result of the Court's Memorandum Opinion and Order entered on January 18, 2006. Defendant admits the allegations of paragraph 3 of the Complaint regarding Dr. Dzeda's residency.

---

[1] As a result of the Court's Memorandum Opinion and Order entered herein on January 18, 2006, the only remaining Defendant is Radiation Oncologists, P.A.

5. To the extent paragraph 5 of the Complaint alleges that Christopher Koprowski, M.D. is a defendant in this action, this allegation is denied as a result of the Court's Memorandum Opinion and Order entered on January 18, 2006. Defendant also denies the allegations of paragraph 5 of the Complaint regarding Dr. Koprowski's residency.

6. To the extent paragraph 6 of the Complaint alleges that Adam Raben, M.D. is a defendant in this action, this allegation is denied as a result of the Court's Memorandum Opinion and Order entered on January 18, 2006. Defendant also denies the allegations of paragraph 6 of the Complaint regarding Dr. Raben's residency.

7. To the extent paragraph 7 of the Complaint alleges that Sunjah Shah, M.D. is a defendant in this action, this allegation is denied as a result of the Court's Memorandum Opinion and Order entered on January 18, 2006. Defendant also denies the allegations of paragraph 7 of the Complaint regarding Dr. Shah's residency.

8. To the extent paragraph 8 of the Complaint alleges that Michael D. Sorensen, M.D. is a defendant in this action, this allegation is denied as a result of the Court's Memorandum Opinion and Order entered on January 18, 2006. Defendant admits the allegations of paragraph 8 of the Complaint regarding Dr. Sorensen's residency.

## JURISDICTION AND VENUE

9. The allegations of paragraph 9 of the Complaint state legal conclusions to which no response is required.

10. The allegations of paragraph 10 of the Complaint state legal conclusions to which no response is required.

## FACTUAL ALLEGATIONS

11. Denied.

12. Defendant is currently without sufficient information or belief as to form a belief as to the truth of the allegations of paragraph 12 of the Complaint and, therefore, denies them.

13. Admitted.

14. Admitted.

15. Admitted.

16. Admitted.

17. Admitted.

18. Admitted.

19. Denied that the terms of the Amended Senior Radiologist's Employment Agreement (the "Amended SREA") required Plaintiff and Defendant to enter into the Deferred Compensation Agreement (the "DCA"). Defendant further denies that paragraph 19 of the Complaint adequately summarizes the Amended SREA and the DCA and that Defendant was obligated to pay Plaintiff $1,200,000.00.

20. Admitted.

21. Admitted.

22. Denied.

23. Admitted.

24. To the extent paragraph 24 of the Complaint alleges that Dr. Donavanik, Dr. Dzeda, Dr. Koprowski, Dr. Raben, Dr. Shah, and Dr. Sorenson (collectively, the "ROPA Doctors") are defendants in this action, this allegation is denied as a result of the Court's Memorandum Opinion and Order entered on January 18, 2006. To the extent this paragraph alleges that the ROPA Doctors all participated in the decision to terminate Plaintiff's deferred

compensation payments, this allegation is admitted. All other allegations of this paragraph are denied.

25. Admitted that paragraph 25 of the Complaint accurately quotes a selected portion of the January 13, 2005, letter from ROPA to Plaintiff.

26. Exhibit D to the Complaint speaks for itself.

27. Defendant is currently without sufficient information or belief as to form a belief as to the truth of the allegations of paragraph 27 of the Complaint and, therefore, denies them.

28. Denied.

29. Admitted.

30. Admitted.

31. Admitted.

32. Admitted.

33. Admitted.

34. Admitted.

35. Defendant is without sufficient information or belief as to form a belief as to the truth of the allegations of paragraph 35 of the Complaint and, therefore, denies them.

36. Defendant admits the allegations in the first sentence of paragraph 36 of the Complaint. Defendant does not understand the allegations of the second sentence of paragraph 36 of the Complaint and, therefore, is not able to admit or deny them.

## COUNT I – BREACH OF CONTRACT

37. As a result of the Court's Memorandum Opinion and Order entered on January 18, 2006, granting Defendant summary judgment on Count I of the Complaint, Defendant will not respond to paragraphs 37-43 of the Complaint.

## COUNT II – CLAIM UNDER ERISA FOR BENEFITS PURSUANT TO THE AMENDED SREA AND DCA

44. Defendant incorporates by reference its responses to paragraphs 1 through 43, above.

45. Denied.

46. Denied.

47. The allegations of paragraph 47 of the Complaint state legal conclusions to which no response is required.

## COUNT III – ANTICIPATORY REPUDIATION

48. As a result of the Court's Memorandum Opinion and Order entered on January 18, 2006, granting Defendant summary judgment on Count III of the Complaint, Defendant will not respond to paragraphs 48-52 of the Complaint.

## COUNT IV – VIOLATION OF WAGE PAYMENT AND COLLECTION ACT

53. As a result of the Court's Memorandum Opinion and Order entered on January 18, 2006, granting Defendant summary judgment on Count IV of the Complaint, Defendant will not respond to paragraphs 53-58 of the Complaint.

## COUNT V – CIVIL CONSPIRACY

59. As a result of the Court's Memorandum Opinion and Order entered on January 18, 2006, granting the ROPA Doctors summary judgment on Count V of the Complaint, Defendant will not respond to paragraphs 59-66 of the Complaint.

## AFFIRMATIVE DEFENSES

I. Count II of the Complaint must be dismissed as Plaintiff has failed to exhaust his administrative remedies as required by Section 503 of the Employee Retirement Income Security Act, 29 U.S.C. § 1001, et seq.

II. The Amended SREA and the DCA are not valid contracts as Plaintiff provided no consideration to Defendant for their formation.

III. Plaintiff is prohibited from recovering any deferred compensation payments under the Senior Radiologist's Employment Agreement (the "SREA"), the Amended SREA, or the DCA as Plaintiff breached his fiduciary duties owed to the deferred compensation plan and ROPA.

## COUNTERCLAIM

Defendant, by and through its undersigned counsel, alleges for its counterclaim herein as follows:

1. On or about July 7, 2000, Defendant and Plaintiff entered into the SREA. The SREA governed, among other things, the terms of Plaintiff's employment with Defendant, including Plaintiff's duties, responsibilities, personal conduct, health and benefit plans, and the deferred compensation Plaintiff would receive upon retirement, death, or total disability.

2. Plaintiff was the President of Defendant at the time of the creation of the SREA. Plaintiff executed the SREA on behalf of Defendant.

3. Prior to Plaintiff's retirement on December 31, 2002, Plaintiff participated and caused the deferred compensation provisions of the SREA to be significantly increased by creating and causing Defendant to execute two separate agreements, the Amended SREA and the DCA. The increased deferred compensation that the Amended SREA and the DCA required Defendant to pay to Plaintiff negatively impacted the financial viability of the deferred compensation plan and Defendant.

4. On January 13, 2005, Defendant sent Plaintiff a letter stating that due to his participation in increasing his deferred compensation benefits under the Amended SREA and DCA, and consequent injury to the deferred compensation plan and Defendant, Plaintiff's deferred compensation payments would be terminated and Plaintiff was required to return all amounts paid to him under the SREA, the Amended SREA, and the DCA. Plaintiff has not returned to Defendant any of the amounts he received.

5. As the President and senior officer of ROPA at the time of the creation of the SREA, in addition to being the individual that executed the SREA on behalf of ROPA, Plaintiff was a plan administrator of the deferred compensation plan.

6. By participating and causing the increase in deferred compensation benefits owed to him under the Amended SREA and DCA, Plaintiff caused significant injury and financial loss to the deferred compensation plan and Defendant. Plaintiff's participation in causing this injury and loss to the deferred compensation plan and Defendant constitutes a breach of his fiduciary duties owed to the deferred compensation plan.

7. As a result of Plaintiff's breach of his fiduciary duties to the deferred compensation plan, Plaintiff has forfeited any remaining deferred compensation payments owed to him under the SREA, the Amended SREA, and the DCA and Defendant is entitled to recover

from Plaintiff any deferred compensation payments made to Plaintiff under the SREA, the Amended SREA, and the DCA.

WHEREFORE, Defendant respectfully requests that the Court enter judgment in its favor:

(a) declaring that Plaintiff has forfeited his deferred compensation under the SREA, Amended SREA, and DCA;

(b) awarding Defendant judgment against Plaintiff in an amount sufficient to repay to Defendant all deferred compensation payments made to Plaintiff under the SREA, Amended SREA, and DCA,

(c) awarding Defendant pre-judgment and post-judgment interest at the maximum legal rate from the date of any deferred compensation payments Defendant made to Plaintiff through the date of Plaintiff's repayment;

(d) dismissing the Complaint with prejudice; and

(e) granting such other and further relief as the Court deems just and proper.

Dated: February 6, 2006
Wilmington, Delaware

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

/s/ William H. Sudell
William H. Sudell, Jr. (#463)
Curtis S. Miller (#4583)
1201 N. Market Street
P. O. Box 1347
Wilmington, DE 19899-1347
(302) 658-9200

Attorneys for Defendant Radiation Oncologists, P.A.

504694

8

## CERTIFICATE OF SERVICE

I, Curtis S. Miller, certify that I am not less than 18 years of age, and that copies of the Answer And Counterclaim were caused to be served on February 6, 2006, on the party listed below in the manner indicated.

Date: February 6, 2006
Wilmington, Delaware

_____
Curtis S. Miller (#4583)

**BY HAND DELIVERY**

Robert A. Penza, Esq.
Gordon, Fournaris & Mammarella
1925 Lovering Avenue
Wilmington, DE 19806

468212